HENRY J. HARRINGTON, PROSECUTOR, v. THE BOROUGH OF CARTERET ET AL., DEFENDANTS.

Decided April 11, 1923.

Offices—Removal of—Tenure During Good Behavior—Chief of Police Under Act 1917, p. 319—Salary not Only Distinguishing Feature of Office.

On *certiorari.*

Argued before a single justice.

For the prosecutor, *John E. Toolan.*

For the borough of Carteret, *Emil Stremlau.*

For John J. Donovan, *Russell A. Watson.*

The opinion of the court was delivered by

BERGEN, J. The prosecutor was the duly-appointed chief of police of the borough of Carteret and had held that office for some years. He was protected in his office by the statute entitled "An act concerning municipalities" (*Pamph. L.* 1917, *p.* 319), section 3 of which declares that the officers employed in any police department shall hold their respective offices during good behavior, efficiency and residence in the municipality where respectively employed, and shall not be removed from office for any cause other than incapacity, misconduct, non-residence or disobedience of rules and regulations, and not then except on written charges and after notice and hearing.

The prosecutor was removed from his office, while he was a resident, without charges, notice or hearing, by the mayor and common council of the borough, which is the action prosecutor assails by this writ. The facts proven are that February 19th, 1923, the common council of Carteret

amended an ordinance relating to the police department so that the officers were chief of police, a detective with the rank of sergeant, a roundsman with the rank of lieutenant, and two desk sergeants, the lieutenant being a new office; the mayor then appointed and the council confirmed the defendant Donovan to be chief of police, and the prosecutor as lieutenant. The effect of which was to remove prosecutor from his office without charges being preferred or hearing granted.

The defendant seeks to justify this on the ground that the salary of lieutenant was made the same as prosecutor was being paid as chief of police. But salary alone is not enough to authorize the removal from the office of chief of police. The statute above referred to forbids the removal from office of an officer, except for one of the reasons stated in it. On the theory urged by defendants the chief of police could be demoted to a roundsman if his salary was continued at the same rate, although his powers are decreased and his duties made more menial, and would afford an easy method by which to deprive one of his office contrary to law.

The action of the mayor and common council was clearly taken to remove the prosecutor from his office of chief of police, without warrant of law, and the proceedings to accomplish this, and particularly the appointment of the defendant Donovan to the office of chief of police, must be set aside in order that the obstruction to the performance of his duty as chief of police by the prosecutor be removed, and he permitted to perform without interference his duty as such officer in the office from which it is attempted to unwarrantably remove him.

The prosecutor is entitled to costs.