CORNELIUS J. O'NEILL, RESPONDENT, v. CITY OF BAYONNE, APPELLANT.

Argued November 21, 1923—Decided April 4, 1924.

1. An appointment to office by a lawfully organized board of a municipality is presumed to be lawful until the contrary is made to appear, otherwise an incoming board could arbitrarily oust any appointee of an outgoing board, upon a mere assertion in a resolution or otherwise, that an appointee was ineligible to hold office because the appointment was not made in compliance with some statute or ordinance relating to such appointment.

2. Prosecutor, being presumptively a *de jure* officer, was entitled to notice and to be heard upon the accusations that he was above the age eligible for appointment at the time he was appointed, and the question of his age was one of fact to be established by competent proof, like any other fact which is made the basis of a judicial or *quasi*-judicial action.
3. *Certiorari* is the proper method to review a resolution passed by a public body which the prosecutor apprehends may be used unlawfully to eject him or disturb him in the tenure of his office.

On appeal from the Supreme Court, whose opinion is reported in 1 *N. J. Mis. R.* 475.

For the appellant, *Eugene T. Sharkey.*

For the respondent, *Fallon & Fallon.*

The opinion of the court was delivered by

KALISCH, J. The prosecutor-respondent, O'Neill, was appointed on August 16th, 1921, to the office of chief of police of the force of the city of Bayonne, by the then board of commissioners of that city. He qualified and was acting as such officer when an incoming new board of commissioners on the 23d day of May, 1923, passed the following resolution:

"Whereas, An ordinance entitled 'An ordinance providing rules and regulations for the control and government of the police department,' approved December 18th, 1907, was at the time of the passage of said resolution in force and effect; and

"Whereas, By paragraph 5, section 2 of said ordinance, it was required as a qualification of appointment to the police force of said city that the appointee should be not less than twenty-four nor over thirty-five years of age; and

"Whereas, It appears that the said Cornelius J. O'Neill, at the time of the passage of said resolution, was more than thirty-five years of age, and, therefore, not qualified or eligible for the said appointment as chief of police; and

"Whereas, It therefore appears that the resolution appointing the said Cornelius J. O'Neill was illegal and void; now, therefore, be it

"Resolved, That the said resolution, adopted August 16th, 1921, appointing the said Cornelius J. O'Neill chief of police as aforesaid, be rescinded and declared void, and that the said office of the chief of police of the city of Bayonne be and is hereby declared vacant."

Up to the time of the passage of the resolution no one had challenged the right of the respondent to the office, so far as the record before us shows. Nor does it appear that the allegation contained in the resolution that the respondent was disqualified or ineligible for the appointment had been ascertained by proper procedure upon notice to the respondent.

The Supreme Court set the resolution aside upon the ground that the respondent was protected from removal by the Tenure of Office act, relying upon *Magner* v. *Yore,* 75 *N. J. L.* 198, in which case the Supreme Court held that the act referred to was applicable to officers *de facto* as well as officers *de jure.*

Section 3, article 16, chapter 152 of the laws of 1917, *inter alia,* provides: "And no person shall be removed from office or employment in any such police department or from the police force of any such municipality for political reasons, or for any other cause than incapacity, misconduct, non-residence or disobedience of just rules and regulations established or which may be established for the police force in such municipality." And by section 5, which provides that no person shall be removed for the causes mentioned only after written charge or charges, &c., and after the charges have been publicly examined into, &c., upon reasonable notice to the person charged.

We do not think it becomes necessary upon the record before us to decide whether or not the Tenure of Office act applies to officers *de facto,* for the facts as they appear here do not present the question. We refrain, therefore, from expressing any opinion on the soundness of the view expressed by the Supreme Court in Magner *v.* Yore, and which was

followed in the present case by the court below. Although we have reached the result that the resolution should be set aside, we are prompted to do so upon different grounds.

It is not questioned but that the board of commissioners who appointed the respondent was a lawfully constituted board clothed with the power to make the appointment. If any disqualification or ineligibility of the appointee existed, it does not appear that this was known to the board. Such lawfully organized board having made the appointment, the presumption is in favor of the lawfulness of the appointment until the contrary is made to appear.

Unless this be so, an incoming board could arbitrarily oust any appointee lawfully appointed by an outgoing board upon a mere assertion in a resolution or otherwise that this or that appointee was ineligible to hold the office, for the reason that the appointment was not made in compliance with the provision of a statute or ordinance relating to such an appointment.

To lend judicial sanction to any such course of procedure would result in withdrawing the protection of the Tenure of Office act from regularly appointed officers at the behest of partial and partisan political bodies, and thus subvert the efficacy and salutary design of the statute. For it must be conceded that until the eligibility or disqualification is made to appear by competent proof the appointee is presumed to be holding the office *de jure*. The essential circumstance in the present case is whether or not the prosecutor had reached an age which under the ordinance proscribed his appointment to the office of the chief of police.

Obviously, this presents a question of fact, for the age of the prosecutor must be within the designation of the ordinance, since age is made thereby an essential ingredient of the eligibility of an appointee to the office.

The prosecutor's age therefore at the time of his appointment became a question of fact which was required to be established by competent proof like any other fact which is made the basis of judicial or *quasi*-judicial action. *State* v. *Koettgen,* 89 *N. J. L.* 678 (at *p.* 681).

*Prima facie* the prosecutor was a *de jure* officer until the contrary is established by competent proof. The mere statement that it appears that the prosecutor was above the age eligible for appointment at the time he was appointed is without any legal force since it is not supported, so far as it appear by the minutes of the board or by the record here, that the fact of age was ascertained and determined upon notice to the defendant and after a hearing had and upon competent evidence.

The prosecutor, being presumptively a *de jure* officer, was entitled to notice and to be heard upon the accusation against him according to the provisions of the Tenure of Office act.

While it is true that an appointment to office in violation of a statute or ordinance is void and a vacancy exists *ab initio*, which vacancy may be filled by the appointing power without any resolution or ordinance, unless some law requires a resolution or ordinance to that effect, nevertheless, before lawfully taking such action, the ineligibility of the incumbent to hold office should be made first to clearly appear.

It may very well be that the Tenure of Office act does not apply to a case where ineligibility of the incumbent is made the basis of the proceeding against him, and even so one who is ineligible for the office to which he was appointed may be ousted therefrom by a citizen and taxpayer in a proper proceeding under section 1 of the *Quo Warranto* act or by one who claims the office under section 4 of the act. 3 *Comp. Stat., pp.* 4210, 4211.

We are also of the view that a writ of *certiorari* was a proper proceeding to review the legality of the resolution passed by the board. The prosecutor is in possession of the office, and when such is the case, and a resolution is passed by a public body which he apprehends may be used unlawfully to eject him or disturb him in the tenure of his office, he may properly maintain a writ of *certiorari*. See *Murphy v. Freeholders of Hudson County,* 92 *N. J. L.* 244, where Mr. Justice Black, in speaking for this court, enunciates the above principle, and where the cases germane to the subject are collated.

The judgment of the Supreme Court setting aside the resolution of the board is affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, GARDNER, VAN BUSKIRK, CLARK, JJ. 10.

*For reversal*—None.