## Monmouth County Court of Common Pleas.

LESTER HARVEY, EARLE O. BENNETT AND ALFRED WOOLLEY, CONSTITUTING THE TOWNSHIP COMMITTEE OF THE TOWNSHIP OF OCEAN, MONMOUTH COUNTY, NEW JERSEY, PLAINTIFF-RESPONDENT, v. HOWARD POOLE, DEFENDANT-APPELLANT.

Decided June 8, 1939.

For the plaintiff-respondent, *Henry H. Patterson.*

For the defendant-appellant, *Durand, Ivins & Carton.*

GIORDANO, C. P. J. This is an appeal by a police officer, Howard Poole, from the action of the township committee in finding him guilty of certain charges preferred against him, resulting in his discharge as a member of the police department of the township of Ocean.

Counsel for plaintiff-respondent and defendant-appellant have agreed to submit to the court the question of whether or not the rules and regulations of the township governing the police department of said township are valid or invalid, and for this purpose have stipulated the following facts:

1. It is admitted and stipulated that the rules and regulations of the police force of the township of Ocean were never reduced to writing, either by ordinance or resolution.

2. It is admitted that what rules and regulations were established were promulgated by the chief of police of the township of Ocean, as the result of conferences held with various committeemen, acting in the capacity of chairman of the police department.

3. It is further admitted that the said rules and regulations were not established by the chief of police acting in conjunction with the township committee as a whole. It is stipulated further, however, that a properly authorized member of the township committee acted for the committee in the establishment of the said rules and regulations.

The statute, *R. S.* 40:149-1, permitting the establishment of a police department and powers of members, clearly defines the method to be pursued for the establishment of a police department and the regulations, control and government thereof. The suspension, removal, fines, reductions and the procedure concerning the removal from office or employment of any member of such police department is clearly stated in *R. S.* 40:47-6.

Howard Poole was in the employ of the township of Ocean as a police officer. On the 22d day of March, 1939, written charges were preferred against the said police officer and on said date the defendant-appellant was suspended from duty. Hearings on said charges were conducted by respondent on the 20th day of April, 1939. On the 3d day of May, 1939, the defendant-appellant was found guilty of the charges and thereupon dismissed as a police officer of the township of Ocean.

It is apparent from the facts stipulated that there were no rules or regulations adopted at the time the police department was organized under the statute, nor is there any evidence before the court that rules and regulations to govern said police department were created subsequent thereto by ordinance or resolution.

The township committee, under the ordinance adopted December 21st, 1928, had the power to establish rules and regulations for the control and management of its police department, but there is no evidence before me, nor has it been stipulated, that such rules and regulations were ever adopted in the manner prescribed by law. An attempt was made to adopt rules and regulations in a manner contrary to the method prescribed by the statute. The township committee delegated its power to an individual member of said township committee and the chief of police, and through this

medium put into effect certain rules and regulations, which are not now before me. This action was illegal.

The law is well established that a governing body cannot delegate its power to any one. It is well settled law that a governing body can only act by ordinance or resolution, which was not done in the instant case. *Dey* v. *The Mayor and Common Council of Jersey City,* 19 *N. J. Eq.* 412; *Green* v. *City of Cape May,* 41 *N. J. L.* 45; *City of Burlington* v. *Dennison,* 42 *Id.* 165; *Butler* v. *Passaic,* 44 *Id.* 171, and *Trenton and Mercer County Traction Corp.* v. *City of Trenton,* 98 *Id.* 297; 119 *Atl. Rep.* 31.

The action of the township committee in the dismissal of the police officer for having violated rules and regulations promulgated in the manner set forth was an illegal act, it having an illegal inception.

Therefore, the action of the township committee is reversed and set aside, and an order may be entered restoring said Howard Poole to his position as a member of the police force of the township of Ocean and requiring the township of Ocean to forthwith pay to the said Poole his salary since the date of his last pay.