12 N.J. Super. 509 (1951)
79 A.2d 860
BENJAMIN EDELSTEIN, PLAINTIFF-APPELLANT,
v.
CITY OF ASBURY PARK, ET AL., DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued February 26, 1951.
Decided March 19, 1951.
*511 Before Judges JACOBS, BIGELOW and DONGES.
Mr. Benjamin Edelstein argued the cause for the appellant (Messrs. Edelstein & Edelstein, attorneys).
Mr. Abraham Frankel argued the cause for the respondents.
The opinion of the court was delivered by JACOBS, S.J.A.D.
The plaintiff, a taxpayer of the City of Asbury Park, filed his complaint in the Law Division of the Superior Court seeking to set aside an ordinance creating the office of superintendent of police and the appointment of Howard O. Horner thereunder. Judgment of dismissal was *512 entered at the close of the taking of testimony on the plaintiff's behalf and he has duly appealed.
In 1946 a civil service examination was held for the position of chief of the Asbury Park Police Department. As a result of the examination Mr. Leroy Holloway became entitled to the appointment and in course he was appointed in compliance with a writ of mandamus issued by the former Supreme Court and directed to the City of Asbury Park, its mayor and council and Mr. J. Oliver Armstrong, its city manager. Under the applicable rules and regulations the chief was the executive officer of the police department with "control of the entire police force, subject to the direction of the City Manager"; orders to the chief emanated "only from the City Manager" and orders to the police department were issued by the chief.
Thereafter Mr. Leroy Holloway duly functioned as chief of police. By 1949 dissatisfaction with his conduct of the police department was openly voiced by municipal officials. Before the lower court the mayor testified that the department was not being run satisfactorily and the city manager testified that the department's moral was low and complaints were received that the "general laws in the City of Asbury Park" were not being enforced. In a newspaper statement the city manager asserted that the conduct of the chief had been the subject of many complaints but suggested he could not "make charges and try the cases too." It is conceded that the chief could not have been discharged or demoted without charges and hearing and no charges were ever preferred against him. See R.S. 40:47-6; R.S. 11:22-24; O'Neill v. Bayonne, 99 N.J.L. 430 (E. & A. 1924). Cf. R.S. 11:22-38. Instead, the City manager recommended the creation of the office of superintendent of police and that was done, first by resolution, and later by ordinance passed February 7, 1950. Section 2 of the ordinance provided that the superintendent of police "shall have general charge and supervision of the Police Department" and "full and complete authority over the Chief of Police and any and all members of *513 the Police Department." Mr. Howard O. Horner was appointed as superintendent of police and the rules and regulations of the police department were amended to provide that the chief's control over the department would be subject additionally to the direction of the superintendent of police.
Mr. Holloway testified that he was directed by the city manager that Mr. Horner would be in full charge of the police department, make all assignments, and sign all required documents including requisitions and payrolls. His office space was reduced in size and his private telephone was transferred to Mr. Horner. He was instructed by Mr. Horner to stay at his desk in uniform as much as possible between nine and five and "not to make any arrests or any raids or do any police work without first consulting him." At the close of Mr. Holloway's testimony the plaintiff rested his case and the lower court then continued the matter. Thereafter, and without any testimony on the defendants' behalf, it rendered its opinion that the plaintiff had "failed by a preponderance of the evidence to prove that the creation of the position of Superintendent of Police is part and parcel of a scheme to demote the duly appointed Chief of Police" and the complaint should be dismissed.
At this stage of the proceeding the plaintiff is entitled to the benefit of the testimony in his favor including the reasonable inferences therefrom. We consider that it sufficiently established that the ordinance of February 7, 1950, and the appointment of Mr. Horner were intended to and did in substance, although perhaps not in form, displace Mr. Holloway as the functioning chief of the Asbury Park Police Department. Therefore he had been in charge of his department subject only to the general over-all control exercised by the city manager as chief executive and administrative official of the municipality with coextensive authority over all departments. R.S. 40:82-4. Thereafter he was no longer in control of the police department but Mr. Horner exercised such control subject to the over-all direction of the city manager. Our courts have held similar displacement to constitute *514 improper action warranting judicial intervention; the fact that the chief retained his salary and his nominal title while being stripped of his authority as chief was not of sufficient significance. See McConnell v. Commissioners of Orange, 98 N.J.L. 642 (Sup. Ct. 1923); Vandervalk v. Board of Commissioners, Hawthorne, 8 N.J. Misc. 741 (Sup. Ct. 1930); Harrington v. Borough of Carteret, 1 N.J. Misc. 167 (Sup. Ct. 1923).
The defendants' brief contains two points. The first asserts, as the lower court ruled, that "the plaintiff failed to make out a prima facie case"; for the reasons hereinbefore stated we consider this point to be without merit. The second apparently seeks to assert that the office of superintendent of police was properly created by the mayor and council (R.S. 40:81-10) within the unclassified service as a deputy or first assistant of the city manager (R.S. 11:22-2(j)) "authorized by law to act generally for and in place of his principal." Assuming, solely for present purposes, that the mayor and council may properly provide for such a deputy or first assistant, we are satisfied that the conclusion may not be reached on the plaintiff's showing that they did so; it seems clear that the ordinance neither in purpose nor terms delegated to the superintendent of police any authority to act generally in the performance of the duties laid upon the city manager. See Davaillon v. Elizabeth, 121 N.J.L. 380, 386 (Sup. Ct. 1938).
We have concluded that the judgment of dismissal entered below should be reversed with opportunity to the defendants to proceed with their defense. In reaching this conclusion we have refrained from considering other issues which may be involved in the controversy (Higgins v. Krogman, 142 N.J. Eq. 691, 694 (E. & A. 1948)), largely because of representations by counsel at the argument on appeal as to important changes which have occurred since the determination below. Mr. Holloway has voluntarily resigned and has been succeeded by a new chief of police duly appointed, Mr. Horner's term of one year as superintendent of police has expired and no further appointment to that office has been made or *515 contemplated, and perhaps the ordinance is being repealed. The plaintiff asserted during the argument on the appeal that his proceeding was based upon the fear that the taxpayers of Asbury Park would be subjected to the payment of independent salaries to two persons, one bearing the title and the other functioning as chief of police. In view of the altered circumstances it may be that his proceeding will be withdrawn or have become moot or he may be deemed no longer to have sufficient interest and standing. In any event, these matters may in the first instance be remitted for the lower court's consideration in conjunction with such additional issues as may properly be presented to it for determination.
Reversed and remanded without costs.