117 N.J. Super. 184 (1971)
284 A.2d 184
THE CITY COUNCIL OF THE CITY OF GARFIELD, MICHAEL GLOWA, NICHOLAS VIOLANTE, GEORGE FABRICI AND ALFRED SONDEJ, PLAINTIFFS-APPELLANTS,
v.
CARMINE J. PERRAPATO, CHIEF OF POLICE OF THE CITY OF GARFIELD, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued November 9, 1971.
Decided November 17, 1971.
*187 Before Judges KILKENNY, LABRECQUE and LANE.
Mr. Ralph W. Chandless argued the cause for appellants (Messrs. Chandless, Weller & Kramer, attorneys; Mr. Chandless, of counsel).
Mr. Vincent P. Rigolosi argued the cause for respondent.
The opinion of the court was delivered by LANE, J.A.D.
The complaint sought a declaratory judgment that the "assignments to duty of the individual plaintiffs by the defendant Chief of Police were illegal and beyond the power and authority of the defendant Chief." Before answer filed defendant moved to dismiss the complaint on the grounds that the individual plaintiffs had failed to exhaust their administrative remedies; that the plaintiffs were estopped by a judgment in a prior action by the defendant against the city council (Visotcky v. City Council, Garfield, Docket No. L-16516-69); and that the defendant was entitled to judgment "as a matter of law on the merits." The trial court granted judgment in favor of defendant and against plaintiffs. As near as we can make out from the trial court's oral opinion, the basis for the judgment was that the ordinances under which the city council made the appointments of the individual plaintiffs to positions in the police department were invalid as an illegal intrusion of the legislative branch of the municipal government into the executive branch of the municipal government. Plaintiffs appeal.
Initially we point out that the trial court's reason for holding the ordinances invalid, separation of powers, is without *188 foundation in law. "While the separation doctrine is applicable to the Federal Government and to our State Government, it generally has no applicablity to our city governments." Eggers v. Kenny, 15 N.J. 107, 120 (1954).
The City of Garfield is a second class city incorporated under L. 1899, c. 135, p. 283 (N.J.S.A. 40:107-1). In 1957 it adopted the Civil Service Act pursuant to N.J.S.A. 11:19-2.
On December 29, 1969 the city council adopted ordinance No. 1420 and resolution No. 50. In the earlier action (Docket L-16516-69), the validity of that ordinance and that resolution was attacked. Ordinance 1420 was a supplement to an ordinance entitled, "An Ordinance to Establish, Maintain, Regulate and Control a Police Department and To Fix the Compensation of the Members Thereof, in the City of Garfield, Bergen County, New Jersey." Section 1 provided that the police department shall consist of the chief of police and such other superior officers, patrolmen and any and all other members as may from time to time be appointed thereto. Appointment of the chief of police was to be by the mayor upon confirmation of the city council. Appointment of all other members was to be made by the city council. Section 2 provided that subject to the ultimate control of the city council the chairman of the public safety committee was to be the "Chief Executive officer of the Police Department." It further provided that such chairman was to make "any and all assignments to duty of the several officers and members of said Department. Subordinate to the Chairman of the Public Safety Committee and in his absence the Chief shall be in command of the said Police Department." Section 3 established the office of supervisor of traffic who was to be appointed by the city council "from among those members of the Department who shall have served as a superior officer not less than ten years." Resolution 50 apparently placed certain members of the police department under the command of the supervisor of traffic. In the earlier action the Law Division held that *189 ordinance 1420 was invalid "insofar as the establishment of the Chairman of the Public Safety Committee to be the chief execution officer of the Police Department" was concerned. However, the Law Division further held that insofar as the ordinance established a position of supervisor of traffic and provided that such supervisor was to be appointed by the city council, it was valid. The appointment of plaintiff Michael Glowa as supervisor of traffic was held to be proper. Resolution 50 setting forth which members of the police department were assigned to traffic duty under the command of the supervisor of traffic was declared invalid. No appeal was filed.
Following the judgment in the earlier case the city council adopted ordinance 1426 and ordinance 1427.
Ordinance 1426 is as follows:
A FURTHER SUPPLEMENT TO AN ORDINANCE ENTITLED "AN ORDINANCE TO ESTABLISH, MAINTAIN, REGULATE AND CONTROL A POLICE DEPARTMENT AND TO FIX THE COMPENSATION OF THE MEMBERS THEREOF, IN THE CITY OF GARFIELD, BERGEN COUNTY, NEW JERSEY."
BE IT ORDAINED by the City Council of the City of Garfield, Bergen County, New Jersey, as follows:
1. There is hereby created in the Police Department the position of automobile mechanic. Said automobile mechanic shall be appointed by the City Council from among the members of the Police Department. He shall receive the salary of a patrolman together with any and all other benefits to which he might be entitled as a patrolman. He shall be in charge of the repair and conditioning of motor vehicles owned by the City.
2. A Traffic Bureau is hereby established in the Police Department. The City Council is empowered to appoint as members of such Traffic Bureau two motorcycle policemen and two traffic officers. Said motorcycle policemen and traffic officers shall be appointed from the members of the Police Department and shall do motorcycle and traffic duty on regular tours of duty. The City Council shall also appoint from time to time such number as school marshalls as may appear needed whose duty shall be to perform services in the regulation of traffic for the safety of school children attending schools in the City. It shall be the duty of the Supervisor of Traffic to supervise the performance of the duties of the motorcycle policemen, traffic officers and police school marshalls.
3. All parts of ordinances inconsistent with this ordinance are hereby repealed as to such inconsistent parts and this ordinance *190 shall take effect after passage and publication in the manner provided by law.
Ordinance 1427 is as follows:
AN ORDINANCE TO CREATE THE POSITION OF DETECTIVE IN THE POLICE DEPARTMENT IN THE CITY OF GARFIELD, TO PROVIDE FOR THE APPOINTMENT OF DETECTIVES AND TO AMEND AND SUPPLEMENT THE SEVERAL ORDINANCES OF THE CITY OF GARFIELD PERTAINING TO THE POLICE DEPARTMENT.
BE IT ORDAINED by the City Council of the City of Garfield,
1. The position of Detective in the Police Department in the City of Garfield is hereby created.
2. The City Council shall appoint eleven (11) detectives, each of whom shall have served not less than five (5) years as a member of the Police Department of the City of Garfield.
3. The said Detectives shall be paid a salary of $8,700.00 per annum at the same time and in the same manner as other officers and employees of the City are paid. In addition to such salary, said Detectives shall be entitled to receive any and all other benefits and emoluments generally payable to other members of the Police Department.
4. All parts of ordinances inconsistent with this ordinance are hereby repealed as to such inconsistencies and this ordinance shall take effect after passage and publication in the manner provided by law.
The complaint alleged the appointment by the city council of Michael Glowa as supervisor of traffic, of Nicholas Violante as automobile mechanic and of plaintiffs Fabrici and Sondej as two of the 11 detectives. It further alleged that defendant chief of police had refused to recognize such appointments and had given the individual plaintiffs duties inconsistent with their appointments by the city council.
In his affidavit in support of the motion to dismiss, defendant readily admits that he has refused to recognize the actions of the city council in the appointments of Fabrici and Sondej as detectives, of Violante as automobile mechanic and of Glowa "to the command of motorcycle policeman, traffic officers and police school marshalls." On appeal defendant takes the position that the ordinances involved *191 strip him of his statutory authority as executive head of the police department and, therefore, are illegal.
The primary dispute between the parties is whether the city council may establish positions of automobile mechanic and detective within the police department and appoint the holders of those positions. The question of whether the city council can assign specific policemen to the traffic bureau is also raised. The establishment of the position of supervisor of traffic and the appointment of Michael Glowa to that position was ruled valid in the earlier litigation. No appeal was taken from the judgment in that case.
N.J.S.A. 40:47-1 in force at the time the ordinances involved were adopted, now replaced by N.J.S.A. 40A:14-118 effective July 1, 1971, provided:
The governing body of every municipality may make, amend, repeal and enforce ordinances to establish, maintain, regulate and control a police department and force, and subject to the provisions of article 3 of this chapter (§ 40:47-21 et seq.), a paid fire department and force therein; to prescribe and establish rules and regulations for the government and discipline thereof; the appointment, terms and removal of the officers and members thereof, and to prescribe their duties and fix their compensation.
N.J.S.A. 40:48-1 grants authority to the governing body of every municipality to "make, amend, repeal and enforce ordinances to * * *"
Prescribe and define, except as otherwise provided by law, the duties and terms of office or employment, of all officers and employees; and to provide for the employment and compensation of such officials and employees, in addition to those provided for by statute, as may be deemed necessary for the efficient conduct of the affairs of the municipality; * * *. [subd. 3]
However, under the grant of authority in these sections, a city council may not substantially reduce in authority or effectively displace a chief of police. Edelstein v. Asbury Park, 12 N.J. Super. 509 (App. Div. 1951); McGonnell *192 v. Board of Commissioners of Orange, 98 N.J.L. 642 (Sup. Ct. 1923); Harrington v. Carteret, 1 N.J. Misc. 167 (Sup. Ct. 1923).
Defendant chief of police does not deny the fact that the governing body may adopt ordinances to regulate and control the police department pursuant to N.J.S.A. 40:47-1. He argues, however, that the effect of the ordinances involved is to assign to the governing body, constituting elected officials, the power to control the internal operation of a professional law enforcement department, thereby stripping him of his statutory authority as the executive head of the police department. He relies on L. 1899, c. 135, § 38 (N.J.S.A. 40:107-1) which provides:
The chief of police and the chief of the fire department shall each hold office for the term of two years, and they shall respectively be the executive head of the police and fire department, and shall be responsible for its efficiency.
Plaintiffs argue that this section has been superseded by the provisions of the Home Rule Act, specifically N.J.S.A. 40:47-5 and 6, now replaced by N.J.S.A. 40A:14-132 and 147 effective July 1, 1971, providing in part that municipal officers and men employed in the police department shall hold their employment during good behavior and shall not be removed except for certain specific causes. They argue that obviously L. 1899, c. 135, § 38, was superseded since otherwise the chief of police would hold office for only two years. In view of N.J.S.A. 40:42-3 (providing that any power or authority held by any officer, board or body prior to the act shall not be affected), the provisions of N.J.S.A. 40:47-5 and 6 affected only that part of section 38 which pertains to the term of office. The powers of the chief of police under section 38 cannot be deemed to have been taken from him. L. 1899, c. 135, p. 283 has not been expressly repealed. See N.J.S.A. 40:107-1. Implied repealers of statutes are not favored in the law. Brewer v. Porch, 53 N.J. 167, 173 (1969); Dept. of Labor and Industry *193 v. Cruz, 45 N.J. 372, 380 (1965); Goff v. Hunt, 6 N.J. 600, 606 (1951); Chester Tp. v. Panicucci, 116 N.J. Super. 229, 237 (App. Div. 1971); Isola v. Belmar, 34 N.J. Super. 544, 549-550 (App. Div. 1955). When the Legislature enacts a statute, it is presumed that it is fully conversant with its own legislation. Brewer v. Porch, supra, 53 N.J. 167, 174. The intent to repeal will be found when a later statute is so inconsistent with an existing statute on the same subject as to preclude any reasonable possibility of their standing together. Id., at 173; Dept. of Labor and Industry v. Cruz, supra, 45 N.J. 372, 380. The provision of section 38 of L. 1899, c. 135, pertaining to the term of the office of a chief of police is inconsistent with N.J.S.A. 40:47-5 and 6. However, that part of section 38 providing that the chief of police is the executive head of the department is not on its face so inconsistent as to indicate an implied repeal. Cf. McGonnell v. Board of Commissioners of Orange, supra, 98 N.J.L. 642, 644. It cannot, however, be construed in such a way as to preclude or deny the effectiveness of the powers of the governing body pursuant to N.J.S.A. 40:47-1 and N.J.S.A. 40:48-1 (subd. 3.)
Under the statutory grants referred to above, the city council has power to establish a table of organization for its police department. The establishing of a traffic bureau with a supervisor of traffic in charge, the position of detective and the position of automobile mechanic is a proper exercise of the authority granted to the city council.
The position of automobile mechanic is clearly distinguishable from that of patrolman. To fill that position is not a question of detailing duties to a patrolman. The position requires skills and abilities not necessary for a patrolman. It has nothing to do with the duties normally carried out by policemen. It therefore falls without the normal assignment of a patrolman to duties within a police department. It is a position to be filled by appointment by a city council.
The position of detective falls in the same class. The salary of detectives is established at $500 more than patrolmen. *194 That fact indicates that it is in the nature of a promotion. Cf. Civil Service Rule 4:2-41; N.J.S.A. 40:174-148.
To us it is apparent that the duties and qualifications of detectives are different and separate from those of patrolmen. A detective must have special capacities insofar as personality, dependability, initiative, intelligence and experience are concerned. Usually detectives work on cases after crimes have been committed, whereas patrolmen walk a beat for the purpose of preventing crime and preserving the peace. A detective must have skills not necessary for a patrolman. The separate position of detective, having been established by ordinance, will be recognized by the Civil Service Commission. See Jersey City v. Babula, 56 N.J. Super. 533, 536 (App. Div. 1959).
The appointments to the positions of superintendent of traffic, detective and automobile mechanic by the city council were valid, but they were temporary, a permanent appointment to await a Civil Service examination and certification of an employment list. Civil Service Rule 4:12-1 et seq. Even though the city council may appoint the automobile mechanic, the supervisor of traffic and the detectives, they will be responsible to the chief of police and will operate under his supervision.
On the other hand there is no appreciable distinction between the duties that will be performed by those policemen in the traffic bureau and the duties performed by other policemen on the force. Assignment to the traffic bureau is no more than a routine detail of duties to available personnel. Therefore, this is clearly a function for the chief of police and not an appointment to be made by the city council.
Of course, the appointments to be made by the city council must be made in accordance with the Civil Service Law.
*195 We hold:
As to ordinance 1426:
Section 1  This section relating to the appointment of an automobile mechanic is valid in its entirety.
Section 2  Insofar as this section establishes a traffic bureau, places at its head the supervisor of traffic, and prescribes the duties of that office it is valid. In all other respects it is invalid. The provision for the appointment of an unspecified number of "school marshalls" is invalid under Keegan v. Bayonne, 81 N.J.L. 120, 122 (Sup. Ct. 1911).
As to ordinance 1427:
This ordinance is valid.
Our determination of the partial validity of the ordinances and of the powers of the city council and the chief of police harmonizes the powers granted to the city council under N.J.S.A. 40:47-1 and 40:48-1 with the powers granted to the chief of police by L. 1899, c. 135, § 38.
We emphasize the necessity of full and wholehearted co-operation between the council, the chief of police and all other members of the police department if respect for law and those charged with its enforcement is to be maintained in this municipality.
Upon remand a declaratory judgment will be entered in accordance with this opinion. We assume that thereafter the chief of police will recognize the actions taken by the city council under those portions of the ordinances that have been declared valid. In the event that he fails to recognize appointments by the city council under the ordinances and attempts to detail appointees to duties inconsistent with the office to which they are appointed by the city council, plaintiffs may apply to the trial court for further relief. We do not mean to deprive the individual plaintiffs or the city council of any other remedy that may be available to them. No costs.