FRANK RUSIGNUOLO, PLAINTIFF, v. CARMEN A. ORECHIO, COMMISSIONER OF PUBLIC SAFETY OF THE TOWN OF NUTLEY, AND FRANCIS T. BUEL, CHIEF OF POLICE OF THE TOWN OF NUTLEY, DEFENDANTS.

Superior Court of New Jersey
Chancery Division

Decided December 3, 1973.

*Messrs. Mandelbaum, Mandelbaum & Gold* for plaintiff.

*Mr. James M. Piro* for defendants.

MICHELS, J. S. C. Plaintiff, a police officer of the Town of Nutley, instituted this action against defendants, the Director of Public Safety and the Chief of Police of the Town of Nutley, challenging the validity of (1) a special order issued by the Chief of Police requiring all members of the Police Department to have a telephone in their residences, and (2) Disciplinary Rule 6:16 providing that "Department members shall neither neglect nor refuse to pay their just debts." Plaintiff seeks an order of this court to permanently enjoin the Director of Public Safety from holding a departmental hearing on the charges of violating the above special

order and disciplinary rule. The complaint was filed by the Chief of Police. Plaintiff also contends that his suspension without pay from July. 5, 1973 to July 16, 1973 was improper, and seeks to be reimbursed for back pay for the period of his suspension.

Plaintiff contends that the Chief of Police did not have authority to issue the special order requiring him and other members of the department to have a telephone in his residence, and that Disciplinary Rule 6:16 was not adopted by ordinance, as required by statute, and is vague and an unlawful intrusion on judicial jurisdiction. The thrust of plaintiff's argument is that rules and regulations governing a police department can only be adopted by ordinance, not by resolution, or by special order of the police chief.

The Police Department of the Town of Nutley has been regulated and controlled since 1928 by Ordinance 357, entitled "A Supplement To An Ordinance Entitled 'An Ordinance to Establish, Regulate and Control A Day and Night Police Force In The Town of Nutley, in the County of Essex, and To Regulate And Define The Manner Of Their Appointment And Removal, Their Duties and Compensation,'" dated August 7, 1928. This ordinance was adopted pursuant to *L.* 1917, *c.* 152, *Art.* XVI, § 1, *N. J. S. A.* 40:47–1.

Under section 1 of Article 1 of the 1928 ordinance the Director of Pubic Safety was given full executive, judicial and administrative control of the Police Department, including the power to enforce the rules and regulations provided by the ordinance. The Director was also given power to promulgate administrative rules for the efficient management of the police department not inconsistent with these rules and regulations. Under section 2 of Article II the Chief of Police was given the power to promulgate orders to the police force not inconsistent with any of the orders or rules established therein, or administrative orders of the Director. Under section 32, relating to General Rules, each member of the police force was required to devote his whole time and at-

tention to the service of the Department, and to be at all times subject to call for duty.

Thereafter, on February 6, 1968 the governing body of Nutley adopted by resolution the 1967 Rules and Regulations governing the Police Department. These rules included Rule of General Conduct 3.2.1, pursuant to which the order requiring telephones was issued, and which provides:

Duty Requirement. Police officers shall be always subject to duty even when periodically relieved from regularly scheduled duty.

and Disciplinary Rule 6:16, which provides:

Department members shall neither neglect nor refuse to pay their just debts.

The authority for the enactment of the 1928 ordinance supplementing the ordinance creating the Nutley Police Department is found in *N. J. S. A.* 40:47–1, which provides:

The governing body of every municipality may make, amend, repeal and enforce ordinances to establish, maintain, regulate and control a police department and force, and subject to the provisions of article 3 of this chapter (§ 40:47–21 et seq.), a paid fire department and force therein; to prescribe and establish rules and regulations for the government and discipline thereof; the appointment, terms and removal of the officers and members thereof, and to prescribe their duties and fix their compensation.

This statute was repealed in 1971 and replaced by *N. J. S. A.* 40A:14–118, which provides:

The governing body of any municipality, by ordinance, may create and establish a police department and force and provide for the maintenance, regulation and control thereof, and except as otherwise provided by law, appoint such members, officers and personnel as shall be deemed necessary, determine their terms of office, fix their compensation and prescribe their powers, functions and duties and adopt and promulgate rules and regulations for the government of the department and force and for the discipline of its members.

 The statute last quoted, which is the latest expression of the Legislature on this subject, is not significantly different from the earlier statute it replaced. The power to estab-

lish, maintain, regulate and control the police department, to appoint personnel, to prescribe their powers, functions and duties and to prescribe rules and regulations for the government and discipline of the police department and police force is very explicitly and broadly given to the municipal governing body. *Smith v. Hazlet Tp.*, 63 *N. J.* 523, 526 (1973). Neither the Chief of Police nor the Director of Public Safety, who apparently requested the Chief to issue the order requiring telephones, derive any power directly from the statute. Their powers are to be found in the ordinances, regulations, rules and regulations adopted by the governing body of the municipality in the exercise of its broad statutory responsibility. See *Smith v. Hazlet Tp., supra.*

By the 1928 ordinance the Director is expressly given the authority of executive, judicial and administrative control of the Police Department, the officers and all members of the force, and the power to promulgate such administrative rules as in his judgment are proper for the efficient management of the department. The Chief of Police is given express power by that same ordinance to promulgate orders for the police force not inconsistent with the ordinance or administrative orders of the Director. Thus it appears that the day-to-day administration of the Nutley Police Department and police force rests with the Director of Public Safety and the Chief of Police. This delegation to them of administrative powers may well be in the public interest as enhancing departmental efficiency. See *Smith v. Hazlet Tp., supra.*

However, the order of June 15, 1973 requiring all members of the Police Department to have a telephone at their residences is not the type of order which either the Director of Public Safety or the Chief of Police may issue. This order exceeds the power and authority of the administrative heads of police departments to issue orders in the day-to-day administration of the Department. This order constitutes a rule or regulation within the intendment of

*N. J. S. A.* 40:47–1, now *N. J. S. A.* 40A:14–118, and must be promulgated by municipal ordinance.[1] *Cf. Jamesburg v. Hubbs,* 18 *N. J. Super.* 5, 11 (App. Div. 1952) ; *In re Leonard Gioglio, Jr.,* 104 *N. J. Super.* 88, 95 (Cty. Ct. 1968). Accordingly, the order of June 15, 1973 requiring all members of the Police Department to have telephones at their residences is invalid, and the charges based on its violation should be dismissed.

Plaintiff further contends that Disciplinary Rule 6:16 providing that "Department members shall neither neglect nor refuse to pay their just debts,"[2] is invalid because it was not promulgated by municipal ordinance. Rather, it was contained in the 1967 Rules and Regulations of the Nutley Police department adopted by resolution of the governing body.

While our Supreme Court has not specifically passed upon the question of whether the rules or regulations governing a police department can only be adopted by ordinance and not by resolution (see *Jamesburg v. Hubbs,* 6 *N. J.* 578, 584–585 (1951) ; *cf. Alcutt v. Police Comm'rs,* 66 *N. J. L.* 173, 174 (Sup. Ct. 1901), aff'd 67 *N. J. L.* 351 (E. & A. 1902) ; *Hofbauer v. Board of Police Comm'rs,* 133 *N. J. L.* 293, 294 (Sup. Ct. 1945) ; see also, *In re Leonard Gioglio,*

---

[1] Moreover, the order issued by the Chief of Police requiring telephones in the residence even appears to be in conflict with the 1967 Rules and Regulations of the Nutley Police Department promulgated by resolution of the governing body of the municipality. Rule 7:16–3 provides: "Police officers and civilian employees shall report their home telephone number, or when there is no home telephone, they shall leave record of the number of the nearest telephone through which they may be reached." The residency requirements set forth in Rule 7:16–1, of which 7:16–3 is a part, are no longer in effect. See *N. J. S. A.* 40A:14–122.1, 122.2 and 122.3.

[2] Parenthetically, it may be noted that section 3 of Article IV of the 1928 ordinance provides in part: "The following are charges to be heard before the Director * * * (7) Neglect in paying just debts, contracted while a member of the force."
The complaint filed by the Chief of Police against plaintiff charges him with violation of Rule 6:16, not with this provision of the ordinance, and its application was not raised in this action.

*Jr.,* 104 *N. J. Super.* 88, 94–95 (Cty. Ct. 1968)), the clear and explicit language of *N. J. S. A.* 40:47–1, as well as *N. J. S. A.* 40A:14–118, which replaces it, mandates that such rules and regulations be adopted by ordinance.

 It is axiomatic that governing bodies of municipalities in this State have no· powers other than those delegated by the Legislature, and must perform their prescribed activities within the statutory ambit. *Scaluorchio v. Jersey City Incinerator Authority,* 14 *N. J.* 72, 85 (1953) ; *Auto-Rite Supply Co. v. Woodbridge Tp.,* 25 *N. J.* 188, 195 (1957). Thus, our courts have consistently held that where a statute or charter proclaims that a certain action, if desired by a municipal governing body, be taken by ordinance, the action cannot be done by resolution. *Antonelli Construction v. Milstead,* 34 *N. J. Super.* 449, 456 (Law Div. 1955) ; *Roselle v. South Orange,* 21 *N. J. Super.* 598, 603 (App. Div. 1952) ; *Kessler v. Passaic,* 113 *N. J. Super.* 59, 62 (Law Div. 1971) ; *Chasis v. Tumulty,* 8 *N. J.* 147, 153–154 (1951) ; *McLaughlin v. Millville,* 110 *N. J. Super.* 200, 209 (Law Div. 1970) ; *Paterson v. Barnet,* 46 *N. J. L.* 62, 66 (Sup. Ct. 1884) ; *Essen v. Cape May,* 72 *N. J. L.* 433, 434 (Sup. Ct. 1905) ; *Levy v. Elizabeth,* 81 *N. J. L.* 643, 646–647 (E. & A. 1911) ; *Public Service Railway Co. v. Camden,* 95 *N. J. L.* 190, 192 (E. & A. 1920). In *Chasis v. Tumulty, supra,* the Supreme Court stated :

> * * * It has long been settled that when the law requires a proceeding to be instituted by an ordinance it cannot be effected by resolution merely ; the latter, wanting the solemnities of the former, is not regarded as a legal equivalent. * * * [8 *N. J.* at 153–154]

In *Antonelli Construction v. Milstead, supra,* the court, in declaring void an attempt by a municipality to restrict construction without compliance with the planning and zoning act, commented :

> * * * In order to attain the zoning restriction here sought by the municipality it must be through the instrumentality of an ordinance.

*N. J. S. A.* 40 :55–30. A resolution is ineffective to accomplish such result. A municipality which has had delegated to it power to accomplish certain acts by way of ordinance cannot accomplish that result by way of an enactment of any less dignity, nor can an ordinance be amended by a resolution. [34 *N. J. Super.* at 456]

*Cf. Keegan v. Bayonne,* 81 *N. J. L.* 120, 122 (Sup. Ct. 1911) ; *Harvey v. Poole,* 17 *N. J. Misc.* 165–166, 7 *A.* 2d 630 (C. P. 1939).

In granting the power to the governing body of municipalities under *N. J. S. A.* 40 :47–1 to establish, maintain, regulate and control a police department and force, and to prescribe and establish rules and regulations for the government and discipline thereof, the Legislature expressly proclaimed that such power be exercised through the instrumentality of an ordinance. This Act, as well as *N. J. S. A.* 40A :14–118, does not permit the municipality to exercise such power by resolution. *Cf. Isola v. Belmar,* 34 *N. J. Super.* 544, 548–549 (App. Div. 1955).

Accordingly, the requirement that all members of the Nutley Police Department have a telephone in their residences, and Disciplinary Rule 6 :16 of the 1967 Rules and Regulations of the Nutley Police Department were not properly promulgated by municipal ordinance and are, therefore, invalid and unenforceable. Any action taken by defendants on the basis thereof is improper and without authority. Defendants are therefore enjoined from enforcing the order of June 15, 1973 requiring all members of the Nutley Police Department to have a telephone in their residences and Disciplinary Rule 6 :16. Defendants are further enjoined from holding a departmental hearing against plaintiff on charges of violating said order and disciplinary rule.

The court further holds that plaintiff's suspension under the circumstances was unlawful and without cause and that he is entitled to back pay at the appropriate rate for the period of suspension.

In view of the decision of this court, it is deemed unnecessary to determine whether Rule 6:16 was invalid for vagueness and constituted an unlawful administrative intrusion upon the judicial function.