133 N.J. Super. 474 (1975)
337 A.2d 396
FRANK RUSIGNUOLO, PLAINTIFF-RESPONDENT,
v.
CARMEN A. ORECHIO, COMMISSIONER OF PUBLIC SAFETY OF THE TOWN OF NUTLEY, AND FRANCIS T. BUEL, CHIEF OF POLICE OF THE TOWN OF NUTLEY, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued December 2, 1974.
Decided April 22, 1975.
*476 Before Judges LORA, HANDLER and TARLETON.
Mr. James M. Piro argued the cause for appellants.
Mr. Avrom J. Gold argued the cause for respondent (Messrs. Mandelbaum, Mandelbaum & Gold, attorneys).
PER CURIAM.
Plaintiff, Patrolman Frank Rusignuolo, filed a verified complaint seeking to have disciplinary charges made against him by defendant, the director of public safety of the Town of Nutley, dismissed and any hearing on the charges permanently enjoined. The trial judge ruled in favor of plaintiff in a reported decision. Rusignuolo v. Orechio, 126 N.J. Super. 106 (Ch. Div. 1973).
Plaintiff had been a police officer in the Town of Nutley for approximately eight years. On June 15, 1973 defendant Francis T. Buel, chief of police, issued a special order to police personnel requiring all members of the police department to have telephones at their residences. This order, which referred to Rule 3:2.1 of the Rules and Regulations of 1967 of the Nutley Police Department, indicated that a telephone at the residence was necessary so that policemen "are accessible to the call of the Department, and in cases of dire emergency." Chief Buel then issued a special bulletin to plaintiff advising him that the director of public safety had issued an order regarding the purchasing of a telephone at plaintiff's residence so that he could be reached in an emergency and be accessible to the Department in time of need. On the same date, the director issued a letter to plaintiff stating that unless he negotiated for a telephone by *477 June 26, 1973, the department would prefer formal charges against him.
Plaintiff did not comply with the orders and as a result, on July 5, 1973, a special order was issued by Chief Buel suspending plaintiff without pay for not complying with the order of June 15, 1973, "until a formal hearing on the matter" could be held. On July 16, 1973 he was reinstated and ordered to report for duty. On July 19, 1973 formal charges against plaintiff were served and a hearing of the matter was scheduled for July 25, 1973. The complaint charged plaintiff with violation of the Nutley Police Department order of June 15, 1973 requiring a home telephone, and also for a violation of the department's Rules and Regulations, Chap. VI, Rule 6:15, for failure to pay just debts, in that plaintiff owed $199.41 to Janette Shop. By consent the hearing date was adjourned until August 2, 1973, and prior to that date adjourned until the issues in the matter were resolved in court.
The trial judge determined that the order of June 15, 1973, requiring all members of the police department to have telephones at their residences, is invalid on the ground that it "exceeds the power and authority of the administrative heads of police departments to issue orders in the day-to-day administration of the Department." The judge considered the order to be "a rule of regulation within the intendment of N.J.S.A. 40:47-1, now N.J.S.A. 40A:14-118, [which] must be promulgated by municipal ordinance." 126 N.J. Super. at 110-111.
The police department of the Town of Nutley is maintained, regulated and controlled by Ordinance 357 adopted on August 7, 1928. It was adopted pursuant to L. 1917, c. 152, Art. XVI, § 1, N.J.S.A. 40:47-1 (superseded by N.J.S.A. 40A:14-118). Under the 1928 ordinance, the director of the Department of Public Safety was expressly given, in § 1, full executive, judicial and administrative control of the police department, its officers and all members of the force. He was given the power to enforce the rules and regulations *478 provided by the Ordinance and the power to promulgate such administrative rules as, in his judgment, may from time to time be proper for the efficient management of the police department. The chief of police was given the power to promulgate orders to the force not inconsistent with any of the orders or rules established by the ordinance or any of the administrative orders made by the director.
The ordinance also contained under § 32 of its General Rules applicable to the police department the following:
Each member of the Police Force shall devote his whole time and attention to the service of the Department, and is expressly prohibited from following any other calling, or being engaged in any other business. Although certain hours are allotted for the performance of regular tours of duty, all members of the Department are considered to be at all times subject to call for duty, and must act promptly at any time that their services are required.
Additionally, Rule 3:2.1 of the 1967 Rules and Regulations of the department, which was mentioned in the initial special order, provided that "[p]olice officers shall be always subject to duty even when periodically relieved from regularly scheduled duty."
We disagree with the conclusion of the court below that the order does not constitute an appropriate or valid exercise of the power in the director and chief of police with respect to the day-to-day administration of the department. It has been recognized that the daily administration of a police department can be delegated to its department head and that such a practice enhances departmental efficiency and is in the public interest. Smith v. Hazlet Tp., 63 N.J. 523, 526-527 (1973); Cf. Jamesburg v. Hubbs, 18 N.J. Super. 5, 11 (App. Div. 1952); In re Gioglio, 104 N.J. Super. 88, 95 (Cty. Ct. 1968).
Although a directive governing the conduct of members of a police department many have general tenor, broad applicability and continuing effect, it does not follow, for that reason alone, that such a directive falls beyond the pale of *479 daily departmental administration. Rather, it is the subject matter of a particular directive which should be determinative of whether it directly governs the daily conduct of departmental business and the every day activities of individual policemen. Thus, if a directive specifies in some detail the manner or method by which policemen are required to approach their daily duties and to discharge their continuing responsibilities, it may be considered as involving daily departmental operations. And, additionally, if the wisdom and practicability of a particular order entails the special knowledge and particularized expertise of the heads of the police department with respect to its proper and efficient management, then that type of directive  be it denominated a rule, regulation or order  is one which relates to the day-to-day administration of the department.
In this case, as noted, the municipal ordinance, by an appropriate rule or regulation of general applicability, does provide that all policemen, regardless of hours designated for the performance of regular scheduled tours of duty, "are considered to be at all times subject to call for duty, and must act promptly at any time that their services are required."[1] The disputed order, which requires that each policeman have a home telephone, is, in effect, an implementation of the ordinance rule. Fulfilling the purpose of the rule, the order prescribes one way in which an individual policeman may be summoned for duty at any time and be available to respond promptly when his services are required. The necessity for this technique  having a home telephone  is one committed to the expert judgment of the director of public safety and the chief of police. So viewed, the order, which was promulgated by, or with the approval of, the director, was one which, under the authority of the ordinance, constituted *480 an "administrative rule as in [the director's] judgment may from time to time be proper for the efficient management of the Police Department * * *." Further, the order or directive of the chief of police, anticipating or coinciding as it did with the identical order of the director, was a proper exercise of his power under the ordinance to promulgate orders consistent with the general rules of the ordinance and the administrative orders of the director.
Accordingly, for these reasons the determination of the court below that the charges based upon the violation of the special order of June 15, 1973 be dismissed is reversed.
The court further ruled that the complaint against plaintiff for failure to pay his just debts must also be dismissed. This charge was brought pursuant to Disciplinary Rule 6:16. The particular rule was not promulgated by the 1928 ordinance or otherwise included in the rules and regulations then adopted for the government of the police department. It was issued with the Rules and Regulations of 1967 of the Nutley Police Department, which were adopted by a resolution dated February 6, 1968 by the board of commissioners of Nutley.
This rule is not one which relates directly to the day-to-day activities of police officers or involves the routine and regular administration of the department. Consequently, for the reasons essentially set forth in the opinion below on this issue, we hold that this rule was required to have been promulgated by ordinance and that its issuance by resolution was not valid. The judge, therefore, determined correctly that Rule 6:16 could not be the basis for the particular charge against plaintiff.
Because of the deficiencies as to the charges contained in the order of suspension based upon plaintiff's asserted infractions of departmental rules, we are satisfied that the judge acted properly in setting aside plaintiff's suspension and awarding him back pay for the period of the suspension.
Accordingly, the judgment below is reversed in part and affirmed in part.
NOTES
[1] Rule 3:2.1 of the 1967 Rules and Regulations of the department, which was referred to in the initial special order of the chief of police, is substantially identical in this respect to the rule of the ordinance.