199 N.J. Super. 549 (1984)
489 A.2d 1260
JOSEPH A. FALCONE, PASSAIC COUNTY PROSECUTOR AND BERNARD TERRANOVA, CHIEF OF POLICE, TOWNSHIP OF LITTLE FALLS, PLAINTIFFS,
v.
FREDERICK DEFURIA, MAYOR OF THE TOWNSHIP OF LITTLE FALLS AND THE TOWNSHIP COMMITTEE OF LITTLE FALLS, DEFENDANTS.
Superior Court of New Jersey, Law Division Bergen County.
Decided May 15, 1984.
*550 Dante P. Mongiardo, Senior Assistant Prosecutor for plaintiffs (Joseph A. Falcone, Passaic County Prosecutor).
*551 James V. Segreto for defendants (Segreto & Segreto, attorneys).
SIMPSON, A.J.S.C.
The question in this case is who has the authority to appoint or assign Little Falls police officers to the Detective Bureau  the Township Committee or the Chief of Police? Plaintiffs, the Passaic County Prosecutor and Chief Bernard Terranova, assert that the Chief has this power pursuant to N.J.S.A. 40A:14-118(c); defendants, Mayor Frederick DeFuria and the Township Committee, contend that by ordinance the governing body of a municipality may reserve this authority to itself. There is a justiciable controversy since the Chief and Township Committee disagree on the filling of recent vacancies in the Detective Bureau. Widespread interest in this issue is apparent from Little Falls counsel's compilation of ordinances in 113 municipalities: nine (9) purport to give the power to the Chief of Police, 46 reserve the power to the governing body, and 58 are silent as to detectives or detective bureaus.
Little Falls Ordinance No. 500 provides, in pertinent part:
* * * * * * * * * *
2. A detective bureau is hereby established which shall consist of detectives appointed from time to time as hereinafter provided.
3. The position of detective is hereby established. A detective shall conduct criminal investigations while in civilian clothing and shall conduct preparation of cases for prosecution and perform such other duties as are from time to time assigned by the Chief of Police.
4. Detectives shall be appointed by the Chief of Police with the approval of the Township Committee. A Patrolman who has been appointed as detective by the Chief of Police with the approval of the Township Committee shall continue to serve as a detective until his appointment is terminated by the Chief of Police with the approval of the Township Committee.
5. A Patrolman appointed as a detective shall receive the same salary as he would receive as a Patrolman unless the Township Committee, by ordinance, provides additional or different compensation for a detective.
* * * * * * * * * *
7. There shall be two (2) detectives in the detective bureau. In the event of a vacancy in the detective bureau, the Chief of Police shall, within thirty (30) days of the occurrence of the vacancy, appoint a detective to fill the vacancy. In the event that the appointment of the Chief is not approved by the Township *552 Committee within thirty (30) days of the date of the appointment by the Chief, then the power of appointment shall pass to the Township Committee and the Township Committee may make an appointment directly.
* * * * * * * * * *
Township counsel has further advised that Ordinance No. 500 was amended, on final reading May 7, 1984, as follows:
1. Section 4 of the ordinance to which this ordinance is an amendment is amended to read: "Detectives shall be appointed by the Chief of Police with the approval of the Township Committee."
2. Section 7 of the ordinance to which this ordinance is an amendment is amended to read: "There shall be two detectives in the Detective Bureau."
* * * * * * * * * *
The effect of the amendments to Sections 4 and 7 is said by defendants to make the appointment of detectives permanent and eliminate the prior purported power of the Township Committee to make appointments on failure of agreement with the Chief. Section 4 would still require approval by the Township Committee of Detective appointments by the Chief. The amendments are said by plaintiffs to still constitute an attempt to limit the absolute power of the Chief, pursuant to N.J.S.A. 40A:14-118(c) to "[p]rescribe the duties and assignments of all subordinates and other personnel." [Emphasis supplied.]
Ordiance No. 500 was effective November 14, 1983. Prior thereto, pursuant to the Little Falls revised ordinances of 1971, members of the police department were "assigned" to the detective bureau by the Chief with the approval of the Township Committee. This sharing of the assignment power was more than required by N.J.S.A. 40:47-1 and 40A:14-118 as these statutes then provided  since Smith v. Hazlet, 63 N.J. 523 (1973), held that apart from powers derived by ordinance adopted by the governing body, the Chief of Police had no power of which he could be deprived. In Garfield City Council v. Perrapato, 117 N.J. Super. 184 (App.Div. 1971), it was held that the position of detective was to be filled by appointment of the governing body vis-a-vis assignment by a Chief of Police of a patrolman *553 to duties within a police department. The Appellate Division specifically stated, at p. 194:
To us it is apparent that the duties and qualifications of detectives are different and separate from those of patrolmen. A detective must have special capacities insofar as personality, dependability, initiative, intelligence and experience are concerned. Usually detectives work on cases after crimes have been committed, whereas patrolmen walk a beat for the purpose of preventing crime and preserving the peace. A detective must have skills not necessary for a patrolman. The separate position of detective, having been established by ordinance, will be recognized by the Civil Service Commission.
The amendment to N.J.S.A. 40A:14-118, effective August 24, 1981, purportedly clarified the responsibility for the conduct of municipal police forces and separated the executive and enforcement function of municipal government from the legislative powers inherent in the municipal form of government. Neither the legislative history nor the words of the statute are crystal clear with respect to police officers' service in detective bureaus. What is clear is the legislative intent to create a system with familiar checks and balances to avoid the tyranny of absolute power.[1] As amended, N.J.S.A. 40A:14-118 provides, in pertinent part:
Any [police] ordinance shall ... provide for a line of authority relating to the police function and . .. rules and regulations for the government of the force and for the discipline of its members. The ordinance may provide for the appointment of a Chief of Police and such members, officers and personnel as shall be deemed necessary.... Any such ordinance, or rules and regulations, shall provide that the Chief ... shall ... pursuant to policies established by the appropriate authority.
a....
b....
c. Prescribe the duties and assignments of all subordinates and other personnel; ....
In Quaglietta v. Haledon, 182 N.J. Super. 136 (Law Div. 1981), Judge Romei held that the amended N.J.S.A. 40A:14-118 had retrospective effect and an ordinance could not supercede the powers and authority of a Police Chief by assigning *554 same to a Director of Police. Little Falls Ordinance No. 500, as amended effective May 7, 1984, does not conflict with the present provisions of N.J.S.A. 40A:14-118. A permanent appointment of a detective as a superior officer of the force is clearly within the authority of the governing body and here it is wisely shared with the Chief of Police to preclude favoritism by the governing body or the Chief. Pending any such appointment, the Chief may of course assign any member of the force to temporary duty in the Detective Bureau  just as he could assign more than two members of the force to temporary duty in the Bureau in the event of an emergency.
Counsel for defendants should submit an appropriate form of Judgement to be settled pursuant to R. 4:42-1.
NOTES
[1] "Power tends to corrupt and absolute power corrupts absolutely," wrote Lord Acton in a letter to Bishop Creighton dated April 5, 1887. Bartlett, John, Familiar Quotations, Little, Brown & Company, Boston 1980.