JOSEPH A. FALCONE, PASSAIC COUNTY PROSECUTOR AND BERNARD TERRANOVA, CHIEF OF POLICE, TOWNSHIP OF LITTLE FALLS, PLAINTIFFS-APPELLANTS, v. FREDERICK DEFURIA, MAYOR OF THE TOWNSHIP OF LITTLE FALLS AND THE TOWNSHIP COMMITTEE OF LITTLE FALLS, DEFENDANTS-RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued December 11, 1984—Decided January 16, 1985.

Before Judges MICHELS, PETRELLA and BAIME.

*Dante P. Mongiardo,* Senior Assistant Prosecutor, argued the cause for appellants (*Joseph A. Falcone,* Passaic County Prosecutor, attorney).

*James V. Segreto,* argued the cause for respondents (*Segreto & Segreto,* attorneys).

An amicus curiae brief was filed on behalf of *Irwin I. Kimmelman,* Attorney General of New Jersey (*Ronald Susswein,* Deputy Attorney General, on the brief).

An amicus curiae letter brief was filed on behalf of the New Jersey Association of Chiefs of Police (*Villoresi and Jansen,* attorneys; *Stephen H. Shaw,* on the letter brief).

PER CURIAM.

A declaratory judgment action was instituted to challenge as violative of the 1981 amendment to *N.J.S.A.* 40A:14–118 (*L.* 1981, *c.* 266) a municipal ordinance of the Township of Little Falls, Passaic County which provided for the appointment of two detectives to the police force by the chief of police with the approval of the governing body. The trial judge upheld the ordinance over plaintiffs' claim that the amendment gave exclusive power over the internal operation of the police force and its day-to-day operation, including the designation of detectives without interference or condition, to the chief of police.

This suit was originally instituted by the Passaic County prosecutor.[1] By amendment the police chief of the Township of

---

[1]The prosecutor takes the position that as "chief law enforcement officer" of Passaic County, he has standing to bring a declaratory judgment suit, and also represent a chief of police of an affected police department in what is effectively a suit to challenge a municipal ordinance as *ultra vires,* and going beyond the statutory authorization of *N.J.S.A.* 40A:14–118. Apparently because of some concern with respect to the prosecutor's standing to bring this suit, the chief of police was added as a party-plaintiff, thus rendering the standing issue moot as to the prosecutor's being a party-plaintiff. We nevertheless are compelled to comment on this issue. A secondary issue in the instant case which we do not address is the propriety of the prosecutor representing the chief of police in what is essentially a civil suit seeking a declaratory judgment of the efficacy of an ordinance.

In the trial court the prosecutor relied on *State v. Winne,* 12 *N.J.* 152 (1953) and *O'Halloran v. DeCarlo,* 156 *N.J.Super.* 249, 256 (Law Div.1978), aff'd o.b. 162 *N.J.Super.* 174 (App.Div.1978). Neither case is supportive of the prosecutor's position with respect to standing here, as they deal only with the amorphous concept of the position of the prosecutor in law enforcement. *Winne* involved charges brought against a prosecutor. The court considered it common knowledge that local law enforcement officials cooperated with the prosecutor in criminal cases on pain of indictment for failure to perform their duties. 12 *N.J.* at 168–169. In *O'Halloran* the trial court rejected the claim that the prosecutor did not have standing in a proceeding to remove a

Little Falls was added as a plaintiff. The facts have been fully set out in the opinion of the trial judge which upheld the ordinance and need not be repeated here. See *Falcone v. DeFuria,* 199 *N.J.Super.* 549 (Law Div.1984).

■ Appellants conceded at oral argument that the power to appoint various officers to the police force and to promote officers to various ranks within the department resided exclusively in the governing body before the 1981 amendment to *N.J.S.A.* 40A:14–118, and remains with the governing body since that time. Both sides rely on our recent opinion in *Gauntt v. City of Bridgeton,* 194 *N.J.Super.* 468 (App.Div. 1984). That opinion, however, is neither dispositive of the issue raised here nor inconsistent with our determination. *Gauntt* simply does not address the critical distinction in *N.J.S.A.* 40A:14–118 between the power to *appoint* and the power to *assign* to various duties. Hence, we reject plaintiffs' argument that that case is dispositive. Respondent argues that there is some indication in *Gauntt* (*Id.* at 484–485) and in the legislative history that the chief of police was not given such broad power. As originally introduced in the Legislature, Senate Bill No. 1243 had contained express language authorizing the chief of police to "prescribe the internal organization of the force and the duties and assignment of all subordinates and other personnel." This was eliminated by deletions in the 1981 legislative process of enactment of chapter 266, *L.*1981 effected by the substitution of the Assembly Committee Substitute ("ACS") for Senate No. 1243, as well as the previous deletion thereof by Senate

police chief for misconduct under a forfeiture of office statute. It was obvious there that removal proceedings would have had to be instituted by perhaps the Governor, the Attorney General, the county prosecutor or the appointing authority. Because the municipality had reinstated the individual the Attorney General requested the prosecutor to bring the forfeiture proceeding. 156 *N.J.Super.* at 256, n. 6.

Committee amendments.[2] Respondent argues that this shows a legislative intent not to extend such authority to the police chief. Other amendments during the legislative process and the Committee statement to the ACS also indicated a modified approach to the 1981 enactment. The legislative history, to the extent available, tends to support the municipality's position.

█ We affirm substantially for the reasons expressed by Judge Simpson in his decision dated May 15, 1984.

---

[2]Furthermore, the Senate amendments also deleted a description of the chief of police as "chief executive" and eliminated subparagraphs originally designated in S–1243 as "d" and "e" which read:
* [d. Assign the functions, powers and duties of all officers and employees;
e. Administer the work of the force through such other units of administration as he may find necessary or desirable;] *
These proposed paragraphs obviously were not enacted into law.