JOSEPH A. FALCONE, PASSAIC COUNTY PROSECUTOR, AND BERNARD TERRANOVA, CHIEF OF POLICE, TOWNSHIP OF LITTLE FALLS, PLAINTIFFS-APPELLANTS, v. FREDERICK DE FURIA, MAYOR OF THE TOWNSHIP OF LITTLE FALLS, AND THE TOWNSHIP COMMITTEE OF LITTLE FALLS, DEFENDANTS-RESPONDENTS.

Argued January 22, 1986—Decided July 9, 1986.

*Dante P. Mongiardo,* Senior Assistant Prosecutor, argued the cause for appellants (*Joseph A. Falcone,* Passaic County Prosecutor, attorney).

*James V. Segreto* argued the cause for respondent (*Segreto & Segreto,* attorneys).

*Ronald Susswein,* Deputy Attorney General, argued the cause for *amicus curiae,* Attorney General of New Jersey (*W. Cary Edwards, Jr.,* Attorney General, attorney).

The opinion of the Court was delivered by

POLLOCK, J.

This case questions the validity of an ordinance that provides for appointment of detectives by the police chief with the approval of the governing body. In reported decisions, both the Law Division, 199 *N.J.Super.* 549 (1984), and the Appellate Division, 199 *N.J.Super.* 554 (1985), found the ordinance to be valid. We granted certification, 101 *N.J.* 291 (1985), and now affirm the judgment of the Appellate Division.

Before 1981, *N.J.S.A.* 40A:14–118 gave municipal governing bodies broad authority to regulate the internal affairs of police departments, including the authority to prescribe the duties and functions of police officers. The powers of a chief of police derived not from a statute, but from municipal ordinances and regulations. *Smith v. Township of Hazlet,* 63 *N.J.* 523, 526–27 (1973). During this period, a Little Falls ordinance had empowered the Township Committee to appoint members of the police department, to prescribe duties of the members, and had established a detective bureau, to which members were assigned by the chief of police with the approval of the police commissioner.

In 1981 the Legislature amended *N.J.S.A.* 40A:14–118 to redefine the relationship between a municipal governing body and the chief of police. The amendment states that municipalities by ordinance shall "provide for a line of authority relating to the police function * * *." [1] The statute further states that the ordinance may provide

for the appointment of a chief of police and such and; as members, officers and personnel as shall be deemed necessary, the determination of their terms of

---

[1] *N.J.S.A.* 40A:14–118 provides in relevant part:

The governing body of any municipality, by ordinance, may create and establish as an executive and enforcement function of municipal government, a police force, whether as a department or as a division, bureau or other agency thereof, and provide for the maintenance, regulation and control thereof. Any such ordinance shall, in a manner consistent with the form of government adopted by the municipality and with general law, provide for a line of authority relating to the police function and for the adoption and promulgation by the appropriate authority of rules and regulations for the government of the force and for the discipline of its members. The ordinance may provide for the appointment of a chief of police and such members, officers and personnel as shall be deemed necessary, the determination of their terms of office, the fixing of their compensation and the prescription of their powers, functions and duties, all as the governing body shall deem necessary for the effective government of the force. Any such ordinance, or rules and regulations, shall provide that the chief of police, if such position is established, shall be the head of the police force and that he shall be directly responsible to the

office, the fixing of their compensation and the prescription of their powers, functions and duties, all as the governing body shall deem necessary for the effective government of the force.

Furthermore, the statute declares that if the governing body establishes the position of chief of police, the chief "shall be the head of the police force and that he shall be directly responsible to the appropriate authority for the efficiency and routine day to day operations" of the police force. Pursuant to policies established by the appropriate authority, the chief shall "[p]rescribe the duties and assignments of all subordinates and other personnel." *N.J.S.A.* 40A:14–118c. By granting chiefs of police express statutory authority, the statute sought to avoid undue interference by a governing body into the operation of the police force.

In 1983, the Little Falls Township Committee adopted Ordinance 500, which established a detective bureau and provided that the police chief should appoint detectives with the approval of the Township Committee.[2] A dispute arose between the Township Committee, Mayor and Police Commissioner, on the

appropriate authority for the efficiency and routine day to day operations thereof, and that he shall, pursuant to policies established by the appropriate authority:

    a. Administer and enforce rules and regulations and special emergency directives for the disposition and discipline of the force and its officers and personnel;

    b. Have, exercise, and discharge the functions, powers and duties of the force;

    c. Prescribe the duties and assignments of all subordinates and other personnel;

    d. Delegate such of his authority as he may deem necessary for the efficient operation of the force to be exercised under his direction and supervision; and

    e. Report at least monthly to the appropriate authority in such form as shall be prescribed by such authority on the operation of the force during the preceding month, and make such other reports as may be requested by such authority. * * *

[2]Ordinance 500 was originally adopted on October 17, 1983. Sections 4 and 7 were amended on May 4, 1984. As amended, the ordinance reads:

one hand, and, on the other, the Chief of Police about who had the authority to designate detectives. After the police commissioner and Township Committee twice disapproved the chief's choice of detectives, the Passaic County Prosecutor filed this action seeking a declaratory judgment that Ordinance 500 was invalid. Subsequently, the Chief of Police joined the action as a plaintiff.

The parties filed cross-motions for summary judgment. Noting that detectives must possess greater skill and experience

---

AN ORDINANCE AMENDING CHAPTER IV OF THE REVISED GENERAL ORDINANCES OF THE TOWNSHIP OF LITTLE FALLS, CREATING A DETECTIVE BUREAU.

BE IT ORDAINED by the Township Committee of the Township of Little Falls as follows:

1. Section 4-13 of the ordinances, to which this ordinance is an amendment, is repealed.

2. A detective bureau is hereby established which shall consist of detectives appointed from time to time as hereinafter provided.

3. The position of detective is hereby established. A detective shall conduct criminal investigations while in civilian clothing and shall conduct preparation of cases for prosecution and perform such other duties as are from time to time assigned by the Chief of Police.

4. Detectives shall be appointed by the Chief of Police with the approval of the Township Committee.

5. A Patrolman appointed as a detective shall receive the same salary as he would receive as a Patrolman unless the Township Committee, by ordinance, provides additional or different compensation for a detective.

6. No person shall at any time serve as a member of the detective bureau unless and until he has been appointed in accordance with the provisions of the within ordinancee.

7. There shall be two (2) detectives in the detective bureau.

8. Within fifteen (15) days after final passage and publication of the within ordinance, the Chief of Police shall appoint two (2) patrolmen as detectives with the approval of the Township Committee and in accordance with the provisions of this ordinance.

9. The Chief of Police shall have the right in the case of an emergency to temporarily appoint a patrolman to the detective bureau, subject, however, to the approval of the Township Committeeman who is the Police Commissioner/Chairman of the Police Committee.

10. All prior ordinances inconsistent with the within ordinance are hereby rescinded.

than patrol officers, the Law Division ruled that the permanent appointment of a detective is within the authority of the governing body. 199 *N.J.Super.* at 553–54. The Appellate Division affirmed substantially for the reasons set forth in the opinion of the Law Division. 199 *N.J.Super.* at 558.

The parties are in accord that under the statute the governing body has the power to appoint and promote members of the police force, and that the police chief has the power to assign members and conduct the day-to-day operations of the force. They disagree, however, whether the designation of a detective is included in the municipality's power to promote and appoint or in the chief's power to make assignments. Thus, the question becomes whether the designation of a detective should be considered to be an appointment or a promotion by the governing body or an assignment by the chief. In answering the question, we look to the difference in status, compensation, and duties of a patrol officer and of a detective.

Patrol officers, who often walk a beat or ride in a patrol car, are engaged primarily in preventing crime and protecting public safety. Detectives are entrusted with the more sensitive responsibility of detecting and investigating criminal activity. Unlike uniformed officers, detectives often work in plain clothes and may receive higher pay than patrol officers. *See City Council of Garfield v. Perrapato,* 117 *N.J.Super.* 184, 194 (App.Div.1971). From this, we conclude that the designation of a detective is more like an appointment or a promotion than an assignment of a subordinate within the police force.

By separate ordinance, Little Falls detectives receive a $250 annual stipend over a patrol officer's salary. Moreover, the Little Falls ordinance makes the appointment of detectives permanent, and not subject to changes at the discretion of the chief that typify assignments. Significantly, the ordinance

---

11. This ordinance shall take effect upon final passage and publication in accordance with the provisions of law.

provides that "[d]etectives shall be appointed by the Chief of Police with the approval of the Township Committee." Rather than constituting undue interference by the governing body in the operation of the police force, the ordinance represents the sharing of the power of appointment by the governing body with the police chief.

The Prosecutor and Chief of Police contend that the decision of the Appellate Division in this matter conflicts with *Gauntt v. City of Bridgeton*, 194 *N.J.Super.* 468 (App.Div.1984). In *Gauntt*, the director of the Department of Police & Fire, among other things, assigned policemen to perform certain tasks, ordered the police chief to consult with him before making any training assignments, suggested to the chief that he should assign policemen to patrol particular areas, and overruled the police chief's choice for supervisor of the detective division. *Id.* at 474–78. As a result, the police chief brought an action claiming that the director had usurped the chief's authority. In resolving that issue, the Appellate Division determined that the function of the governing body was to formulate "fundamental principles to serve as broad guides to the chief of police in making his decisions with respect to discharging his responsibility for the efficiency and routine day to day operation of the police department." *Id.* at 486. Using that approach, the Appellate Division found that the director's suggestion that officers patrol particular areas was an appropriate policy statement. In other instances, including the appointment of the head of the detective division, the Appellate Division found that the director had infringed on the chief's "authority to prescribe the assignments of all subordinates within his department." *Id.* at 488. Consistent with the earlier portion of this opinion, we believe that the designation of the head of a detective division should be viewed not as an assignment, but as an appointment or promotion. To the extent that *Gauntt* implies that the chief's power to assign includes the power to designate the head of the detective division, we reject it.

■ In its decision in the present case, the Appellate Division noted that this action was originally instituted by the Passaic County Prosecutor and that the Little Falls Chief of Police was subsequently added as a plaintiff, apparently because of some doubt about the Prosecutor's standing to bring the action. 199 *N.J.Super.* at 556 n. 1. Although it recognized that the joinder of the Chief rendered the issue moot, the Appellate Division cast doubt on the Prosecutor's standing to bring this action. *Id.* We believe we must dispel that doubt. *See In re Boardwalk Regency Corp.*, 90 *N.J.* 361, 367–68 (technically moot issue may be judicially reviewed when matter is of public interest), *appeal dismissed*, 459 *U.S.* 1081, 103 *S.Ct.* 562, 74 *L.Ed.*2d 927 (1982).

When plaintiffs present a question of substantial public interest, any slight additional private interest will suffice to afford standing. *See New Jersey State Chamber of Commerce v. New Jersey Election Law Enforcement Comm'n*, 82 *N.J.* 57, 68 (1980) (lobbyists have standing to challenge campaign finance reporting law, even though law's effect on them would be inconsequential); *Salorio v. Glaser*, 82 *N.J.* 482, 490–93, *cert. denied* and *appeal dismissed*, 449 *U.S.* 874, 804, 101 *S.Ct.* 215, 49, 66 *L.Ed.*2d 94, 7 (1980) (New York residents have standing to challenge New Jersey transportation tax, even though tax will not increase plaintiff's total tax liability). Here, there is a substantial public interest in resolving the issue of who has authority to name police officers to a detective bureau. The proper allocation of responsibilities between a governing body and the chief of police is too important to be left in limbo. As the chief law enforcement officer in the county, the prosecutor has a legitimate interest in the relationship between a governing body and the chief of police on so significant a question. *See N.J.S.A.* 2A:158–5 (county prosecutor shall "use all reasonable and lawful diligence for the detection, arrest, indictment, and conviction of offenders against the laws"); Dep't of Law & Public Safety, Division of Criminal Justice, County Prosecutors' Ass'n, *New Jersey Prosecutor's Manual* 7–1 (1984). Consequently, the Passaic County Prosecutor has

standing, even in the absence of the Little Falls Chief of Police as a party, to bring the present action.

The judgment of the Appellate Division is affirmed.

*For affirmance*—Chief Justice WILENTZ and Justices CLIFFORD, HANDLER, POLLOCK, O'HERN, GARIBALDI, and STEIN—7.

*For reversal*—None.