242 N.J. Super. 12 (1990)
575 A.2d 1373
JAMES K. DALY, PETITIONER-APPELLANT,
v.
HIGH BRIDGE TEACHERS' ASSOCIATION, RESPONDENT-RESPONDENT.
THOMAS GAY, PETITIONER-APPELLANT,
v.
PASCACK VALLEY REGIONAL EDUCATION ASSOCIATION, RESPONDENT-RESPONDENT.
ROBERT B. MELLERT, PETITIONER-APPELLANT,
v.
BROOKDALE COMMUNITY COLLEGE FACULTY ASSOCIATION, RESPONDENT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted April 23, 1990.
Decided May 10, 1990.
*13 Before Judges PRESSLER and LONG.
Mesirov, Gelman, Jaffe, Cramer & Jamieson, attorneys for appellants (Jeffry A. Mintz, on the brief).
Zazzali, Zazzali, Fagella & Nowak, attorneys for respondents (Richard A. Friedman, on the brief).
Bredhoff & Kaiser, attorneys for respondents pro hac vice (Robert H. Chanin and Bruce R. Lerner, on the brief).
Don Horowitz, attorney for Public Employment Relations Commission Appeal Board.
PER CURIAM.
Petitioners, in these administratively consolidated cases, are teachers employed by the respective respondent school districts who appeal from a final order of the Appeal Board of the Public Employment Relations Commission (PERC) dismissing their petitions as moot and denying their applications to vacate its prior interlocutory order. We affirm.
*14 These proceedings arise under the New Jersey Employer-Employee Relations Act, N.J.S.A. 34:13A-1, et seq., and more particularly, N.J.S.A. 34:13A-5.5 to -5.9, which prescribe a scheme by which the majority representative may require financial contribution for its representational services from those members of the negotiating unit receiving the benefit of those services but who are not union members and who consequently do not pay dues. The amount of the representational fee, the procedure for its collection, and the rights of nonmembers in respect thereof are all matters addressed by the statute.
Each of the petitioners here filed a petition with PERC challenging the amount of the representational fee paid by him and the procedure for its collection. The matters were referred to the Office of Administrative Law, and the first of them, petitioner Daly's, was assigned to Administrative Law Judge Lavery. The procedural issue was defined by the parties with the judge's concurrence as: "Whether the `demand and return' systems established by respondent union comply with the prerequisites set forth in the United States Supreme Court decision." Chicago Teachers Union v. Hudson, 475 U.S. 292, 106 S.Ct. 1066, 89 L.Ed.2d 232 (1986). That issue was, moreover, bifurcated from the challenge to the amount of the representational fees charged for 1986-1987, the dispute as to prior years having been amicably resolved. Judge Lavery rendered a careful and thoughtful initial decision in August 1988 in which he concluded that with the exception of two specified details requiring correction, the demand and return system complied with both the statute and the implementing regulations, N.J.A.C. 19:17-1.1, et seq. The decision, as modified, was adopted by PERC in November 1988, and it reconfirmed that action on petitioner's motion for reconsideration in February 1989. In the meantime, an order consolidating the three separate matters had been entered and the consolidated case was remanded to Judge Lavery for determination of the propriety of the 1986-1987 representational fees.
*15 Prior to the remand proceedings, respondents tendered petitioners a full repayment with interest of their representational fees and moved for summary dismissal of the petitions on the ground of mootness. Judge Lavery, in his initial decision, granted the dismissal motion for that reason and denied petitioners' application for vacation of the prior rulings respecting the validity of the demand and return system. PERC adopted that decision as well, and petitioners appeal.
We affirm the dismissal and the refusal to vacate the prior rulings for the reasons set forth by both Judge Lavery and PERC in their respective decisions. We have no doubt that the tender of the full amount of the disputed fees to petitioners rendered moot their challenge to both the amount charged them and the collection methodology since the tender afforded the maximum possible relief which continued litigation could provide. Nor do we have any doubt that, as a matter of state practice, petitioners are not entitled to the vacation of prior orders entered in the matter. The effect of such orders is, of course, a matter subject to determination when a specific occasion may arise.
As both Judge Lavery and PERC recognized, petitioners' basic concern in seeking vacation of the demand and return system order was to preserve a right to appeal therefrom to a judicial tribunal pursuant to R. 2:2-3(a)(2). We recognize that ordinarily a final order of disposition adverse to a party renders appealable as of right all interlocutory orders previously entered which are also adverse to that litigant. See Magill v. Casel, 238 N.J. Super. 57, 62, 568 A.2d 1221 (App.Div. 1990). It is therefore not the entry of the final order of dismissal which compromised the petitioners' right to appeal from the interlocutory ruling respecting the validity of the demand and return system but rather the entry of that order based on mootness, the effect of which was to foreclose a final substantive adjudication. That is not to say that a ruling which has thereafter been rendered moot is necessarily immune from appellate review. *16 An appellate court may nevertheless opt to consider the appeal, despite mootness, if the issue involves a significant question affecting the public interest. See, e.g., Matter of Farrell, 108 N.J. 335, 347, 529 A.2d 404 (1987); Falcone v. DeFuria, 103 N.J. 219, 226, 510 A.2d 1174 (1986); Matter of Conroy, 98 N.J. 321, 342, 486 A.2d 1209 (1985). Petitioners here do not argue that this demand and return system ruling is such a matter, and we are not persuaded from this record that we should elect to treat it as such. Moreover, the notice of appeal and case information statement did not identify the correctness of that interlocutory ruling as an issue on appeal, and that issue was never addressed on its merits on appeal. Finally, if the interlocutory order were subject to appeal, the time to appeal prescribed by R. 2:4-1(b) would have started to run when PERC entered the order of dismissal of the petition. That time is now long past.
The order of dismissal is affirmed.