828 A.2d 925

UNIVERSAL FOLDING BOX CO., INC., PLAINTIFF–APPELLANT,
v. HOBOKEN CITY, DEFENDANT–RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued Telephonically May 2, 2003—Decided July 25, 2003.

Before Judges KING, WEFING and FUENTES.

*Steven R. Irwin,* argued the cause for appellant (*Mandelbaum & Mandelbaum,* attorneys; *Mr. Irwin,* on the brief).

*Vincent J. LaPaglia,* argued the cause for defendant.

*Julian F. Gorelli,* Deputy Attorney General, argued the cause for *amicus curiae (Peter C. Harvey,* Acting Attorney General, attorney; *Patrick DeAlmeida,* Deputy Attorney General, of counsel; *Mr. Gorelli,* on the brief).

The opinion of the court was delivered by

FUENTES, J.A.D.

In this appeal, plaintiff challenges the constitutionality of *N.J.S.A.* 54:3–27.2, as interpreted by the Tax Court, requiring exhaustion of the municipality's right to appeal prior to compelling the issuance of a property tax refund. We reject plaintiff's challenge and affirm the decision of the Tax Court in *Universal Folding Box Co., Inc. v. Hoboken City,* 20 *N.J.Tax* 1 (2002). A brief procedural history of this case is warranted.

Plaintiff filed a tax appeal challenging the assessment on real property it owned in the City of Hoboken for tax years 1994 through 1998. On August 21, 2000, the Tax Court entered judgment in plaintiff's favor, reducing the assessment for the relevant time period. *Universal Folding Box Co., Inc. v. Hoboken City,* 19 *N.J.Tax* 141 (2000), *aff'd,* 351 *N.J.Super.* 227, 798 *A.*2d 100 (App. Div.), *certif. denied,* 174 *N.J.* 545, 810 *A.*2d 64 (2002). After our decision affirming the Tax Court, but while Hoboken's Petition for Certification was pending before the Supreme Court, plaintiff moved before the Tax Court to compel the municipality to refund the excess taxes paid together with interest thereon.[1] Plaintiff moved pursuant to *N.J.S.A.* 54:3–27.2, which provides that:

---

[1] At oral argument, plaintiff's counsel confirmed that after the Supreme Court denied Hoboken's petition for certification, his client received a full refund of the excess taxes paid. We nevertheless address the issues presented here because they involve a matter of significant public importance and are likely to recur. *Matter of Farrell,* 108 *N.J.* 335, 347, 529 *A.*2d 404 (1987); *Falcone v. DeFuria,* 103 *N.J.* 219, 226, 510 *A.*2d 1174 (1986); *Matter of Conroy,* 98 *N.J.* 321, 342, 486 *A.*2d 1209 (1985); *Daly v. High Bridge Teachers' Ass'n,* 242 *N.J.Super.* 12, 16, 575 *A.*2d 1373 (App.Div.), *certif. denied,* 122 *N.J.* 356, 585 *A.*2d 366 (1990).

In the event that a taxpayer is successful in an appeal from an assessment on real property, the respective taxing district shall refund any excess taxes paid, together with interest thereon from the date of payment at a rate of 5% per annum, less any amount of taxes, interest, or both, which may be applied against delinquencies pursuant to [*N.J.S.A.* 54:4–134], within 60 days of the date of *final judgment.* (Emphasis added.)

### Judge Kahn denied plaintiff's motion and held that:

Authority is clear, in that a judgment reducing an assessment requires the municipality only to reduce the assessment, and does not require the payment of money. *N.J.S.A.* 54:3–27.2 is the sole authority governing the right of a taxpayer to retrieve tax refunds and interest based on overpayments. That statute, in referring to a period of time after a "final judgment," has been interpreted consistently to mean a point in time wherein all appeals are exhausted.

[*Universal Folding Box Co., Inc. v. Hoboken City, supra,* 20 *N.J. Tax* at 5, citation omitted.]

Plaintiff contends that this interpretation of *N.J.S.A.* 54:3–27.2 conflicts with *R.* 2:9–5 which provides that "neither an appeal, nor a motion for leave to appeal, nor a proceeding for certification, nor any other proceeding ... in the matter shall stay proceedings in a civil action...." This conflict, according to plaintiff, constitutes an unconstitutional intrusion by the Legislature into the exclusive authority of the Supreme Court to promulgate and adopt the rules governing the administration, practice and procedure of the state courts. *Winberry v. Salisbury,* 5 *N.J.* 240, 74 *A.*2d 406, *cert. denied,* 340 *U.S.* 877, 71 *S.Ct.* 123, 95 *L.Ed.* 638 (1950); *N.J. Const.,* art VI, § 2 ¶ 3. We disagree.

### As noted by Judge Kahn:

This argument is without merit. [T]he Tax Court judgments received by taxpayer in the case at bar have not been stayed. Those judgments require a lower assessment for taxpayer's properties for the years 1994 through 1998. The municipality complied with that judgment, and, in fact, has lowered the assessments for those years. Therefore, nothing has been stayed. The issue dealing with the payment of refunds for overpaid taxes is properly governed by *N.J.S.A.* 54:3–27.2, which affords the taxpayer the right to receive refunds plus interest at such time as a final judgment is obtained.

[*Universal Folding Box Co., Inc. v. Hoboken City, supra,* 20 *N.J.Tax* at 5–6.]

The judgement of the Tax Court is affirmed substantially based on the well-reasoned opinion of Judge Kahn.

Affirmed.