945 A.2d 736 (2008)
400 N.J. Super. 51
HAWTHORNE PBA LOCAL 200, Plaintiff-Appellant
v.
BOROUGH OF HAWTHORNE, Mayor of the Borough of Hawthorne, and Council of the Borough of Hawthorne, Defendants-Respondents.
No. A-4504-06T2.
Superior Court of New Jersey, Appellate Division.
Submitted January 23, 2008.
Decided April 29, 2008.
Loccke, Correia, Schlager, Limsky & Bukosky, Hackensack, for appellant (Michael A. Bukosky, of counsel; Mr. Bukosky and Marcia J. Tapia, on the brief).
Michael J. Pasquale, Borough of Hawthorne, for respondents, Borough of Hawthorne, Mayor of the Borough of Hawthorne, and Council of the Borough of Hawthorne.
*738 Anne Milgram, Attorney General, attorney for amicus curiae, State of New Jersey (Dermot P. O'Grady, Deputy Attorney General, of counsel and on the brief).
Before Judges WINKELSTEIN, YANNOTTI and LeWINN.
The opinion of the court was delivered by WINKELSTEIN, J.A.D.
In this appeal, the court is asked to decide the validity of an ordinance that authorizes the mayor of the Borough of Hawthorne to appoint and promote Borough police officers. Plaintiff, the officers' collective bargaining representative, claims that police officers may only be appointed and promoted by an ordinance enacted by the governing body, which is the Borough council. The controversy implicates the interplay between the Optional Municipal Charter Law, commonly referred to as the Faulkner Act, N.J.S.A. 40:69A-1 to -210, and N.J.S.A. 40A:14-118, a general law that addresses the creation of municipal police departments and their internal structures. Judge Thomas Brogan found that the ordinance was valid. We agree. We conclude that under the Borough's mayor-council form of government, the governing body may, by ordinance, delegate to the mayor the authority to make appointments to and promotions within the municipal police department.
Chapter 11 of the Borough Code establishes a Department of Public Safety, within which is included, "under the direct supervision and control of the Mayor," both the police department and the fire department. In 1999, the Borough council adopted chapter 44 of the Borough Code, which states that the head of the police department, to be known as the "Chief of Police," would be directly responsible to the mayor as the "appropriate authority." The ordinance vests the mayor with the power to appoint and promote police officers.
On May 17, 2006, the Borough Code was amended by Ordinance 1871-06. The ordinance restated that the head of the police department is the chief of police, who is directly responsible to the mayor as the appropriate authority. Although the ordinance continued to vest the powers of appointment and promotion in the mayor, it placed limits on that authority, precluding the mayor from promoting any member of the police department "to a rank other than the rank immediately succeeding the rank then held by the member." The ordinance also identified the number of persons eligible to hold each rank.
In October 2006, plaintiff filed suit seeking to set aside Ordinance 1871-06, asserting that only the Borough council had the authority to appoint and promote police officers. The Borough responded that appointments and promotions of police officers were an executive function of the mayor, not a legislative function of the Borough council. The Borough further asserted that plaintiff's complaint was procedurally barred, as not having been filed as a prerogative writ action within forty-five days of the passage of the ordinance. See R. 4:69-6(a) ("[n]o action in lieu of prerogative writs shall be commenced later than 45 days after the accrual of the right to the review").
The trial court addressed the issues on cross-motions for summary judgment. In its oral decision on March 16, 2007, memorialized in an order of that date, the court concluded that appointment of police officers was "a permissible allocation of power to the mayor." The court determined not to dismiss the complaint as untimely, observing that "if there is . . . an improper, or an invalid statute on the books," the *739 complaint challenging that statute should be addressed substantively.
We begin our discussion with the Borough's procedural argument that because plaintiff failed to file a timely action in lieu of prerogative writs, the complaint should be dismissed.
Challenges to municipal action are generally brought by actions in lieu of prerogative writs. See R. 4:69-1 to -7; Pressler, Current N.J. Court Rules, comment 1 on R. 4:69-1 (2008). Even though plaintiff's complaint was not so designated, it may be characterized as such because it challenges the Borough's action in authorizing the mayor to appoint and promote police officers. Consequently, as it is the substantial equivalent of a complaint in lieu of prerogative writs, the Borough claims it should be dismissed because it was filed more than forty-five days after the accrual of the right to review. R. 4:69-6(a).
The trial judge rejected that argument and determined to address the complaint on its merits because it concerns an important public rather than private interest. See R. 4:69-6(c); Borough of Princeton v. Bd. of Chosen Freeholders, County of Mercer, 169 N.J. 135, 152-53, 777 A.2d 19 (2001) (appropriate to relax forty-five day time limit for filing the complaint where "important public rather than private interests . . . require adjudication or clarification") (quoting Brunetti v. Borough of New Milford, 68 N.J. 576, 586, 350 A.2d 19 (1975)). Judge Brogan's decision to relax the limitations period was a proper exercise of discretion. The public has the right to have police officers appointed and promoted in accordance with the appropriate statutory authority.
We turn then to plaintiff's substantive challenge to the mayor's authority to appoint and promote police officers. The Borough is organized under the mayor-council plan of the Faulkner Act, N.J.S.A. 40:69A-31 to -67.2. The New Jersey Supreme Court has described the mayor-council plan as follows:
Generally, the mayor-council plan under the Faulkner Act provides that "[e]ach municipality . . . shall be governed by an elected council, and an elected mayor. . . .", [N.J.S.A. 40:69A-32a], and that "unless the explicit terms and context of the statute require a contrary construction, any administrative or executive functions assigned by general law to the governing body shall be exercised by the mayor, and any legislative and investigative functions assigned by general law to the governing body shall be exercised by the council." [N.J.S.A. 40:69A-32b].
More specifically, under the mayor-council plan, the Faulkner Act allocates to the mayor "[t]he executive power of the municipality", N.J.S.A. 40:69A-39, and in detail assigns to the mayor [a number of specific duties.]
. . . .
On the other hand, the council under a Faulkner Act mayor-council plan has its own set of statutorily enumerated duties and limitations. Unlike the mayor, the council may only act "by ordinance, except for the exercise of those powers that, under this plan of government or general law, do not require action by the mayor as a condition of approval for the exercise thereof, and may, therefore, be exercised by resolution. . . ." N.J.S.A. 40:69A-36.
Stated generally, then, the mayor-council plan under the Faulkner Act vests in the mayor the responsibility for administrative and executive operations of the municipality, while reposing the ultimate legislative and concomitant investigative responsibilities in the council. *740 [Mun. Council of Newark v. James, 183 N.J. 361, 364-66, 873 A.2d 544 (2005).]
The mayor-council plan is silent as to whether the mayor or the council has the authority to appoint or promote police officers. It does, however, give the mayor, with the consent of the council, the power to appoint department heads and a number of expressly identified municipal officers and employees. N.J.S.A. 40:69A-43(b). In turn, a department head, without council's consent, may appoint subordinate officers and employees. N.J.S.A. 40:69A-43(d). A department head's ability to appoint subordinate officers and employees is, nevertheless, constrained by New Jersey civil service laws, see generally, Title 11A of the New Jersey Statutes, and is also subject to "other general law." N.J.S.A. 40:69A-43(d). "For the purposes of [the Faulkner Act], a `general law' shall be deemed to be any law or provision of law, not inconsistent with this act, heretofore or hereafter enacted which is by its terms applicable or available to all municipalities. . . ." N.J.S.A. 40:69A-28. Here, the "other general law" that bears upon the authority to appoint police officers is N.J.S.A. 40A:14-118.
As amended in 1981, N.J.S.A. 40A:14-118 reads:
The governing body of any municipality, by ordinance, may create and establish, as an executive and enforcement function of municipal government, a police force, whether as a department or as a division, bureau or other agency thereof, and provide for the maintenance, regulation and control thereof. Any such ordinance shall, in a manner consistent with the form of government adopted by the municipality and with general law, provide for a line of authority relating to the police function and for the adoption and promulgation by the appropriate authority of rules and regulations for the government of the force and for the discipline of its members. The ordinance may provide for the appointment of a chief of police and such members, officers and personnel as shall be deemed necessary, the determination of their terms of office, the fixing of their compensation and the prescription of their powers, functions and duties, all as the governing body shall deem necessary for the effective government of the force. Any such ordinance, or rules and regulations, shall provide that the chief of police, if such position is established, shall be the head of the police force and that he shall be directly responsible to the appropriate authority for the efficiency and routine day to day operations thereof, and that he shall, pursuant to policies established by the appropriate authority:
a. Administer and enforce rules and regulations . . . for the disposition and discipline of the force and its officers and personnel;
b. Have, exercise, and discharge the functions, powers and duties of the force;
c. Prescribe the duties and assignments of all subordinates and other personnel;
d. Delegate such of his authority as he may deem necessary for the efficient operation of the force to be exercised under his direction and supervision; and
e. Report at least monthly to the appropriate authority. . . .
As used in this section, "appropriate authority" means the mayor, manager, or such other appropriate executive or administrative officer, such as a full-time director of public safety, or the governing body or any designated committee or member thereof, or any municipal board or commission established by ordinance for such purposes, as shall be *741 provided by ordinance in a manner consistent with the degree of separation of executive and administrative powers from the legislative powers provided for in the charter or form of government either adopted by the municipality or under which the governing body operates.
Except as provided herein, the municipal governing body and individual members thereof shall act in all matters relating to the police function in the municipality as a body, or through the appropriate authority if other than the governing body.
[(emphasis added).]
Plaintiff claims that the highlighted portion of the statute requires that appointments to, and promotions within, the police department must be made by ordinance. The Borough claims that the mayor, who is the department head of the Department of Public Safety, and whom the Borough council designated by ordinance as the "appropriate authority," has the power to appoint and promote officers to the positions that the council has created within the department.
To determine if N.J.S.A. 40A:14-118 permits the governing body to authorize the mayor to appoint and promote police officers, we first consider the statute's plain meaning. Burns v. Belafsky, 166 N.J. 466, 473, 766 A.2d 1095 (2001). The statute is silent as to whether the municipal council, by ordinance, may delegate that authority to the mayor. It simply says that the "ordinance may provide for the appointment of a chief of police and such members, officers and personnel as shall be deemed necessary." N.J.S.A. 40A:14-118. The statute does not expressly mandate that the individuals who will fill those positions be appointed by ordinance. We therefore look beyond the statute's plain language to determine the Legislature's intent.
The statute was amended in 1981. N.J.S.A. 40A:14-118 (amended by L. 1981, c. 266, § 1). According to the Assembly Committee Statement, the amendments were intended to:
clarify the responsibility for the conduct of municipal police forces by providing for a line of authority with respect to the exercise of the police function in municipalities and by providing for the duties and responsibilities of chiefs of police. . . .
. . . The "appropriate authority" shall adopt rules and regulations for the government of the police force which the chief of police shall be subject to. . . . The municipal governing body and any individual thereof would be required to act as a body as through the "appropriate authority" in all matters relating to the police function.
[Assembly Judiciary, Law, Public Safety and Defense Committee, Statement to Assembly Committee Substitute for S. 1243, (June 22, 1981) (enacted as L. 1981, c. 266).]
The statement to the Senate bill explained that the legislation was intended to allow the chief of police to:
exercise certain specific duties, powers and responsibilities and [the chief of police] shall be responsible to an appropriate authority for the efficiency and day to day operations of the police force. . . .
. . . The bill, as amended, would establish . . . the principle of non-interference of elected officers individually in the operation of the police force.
[Senate County and Municipal Government Committee, Statement to S. 1243, with Senate committee amendments (November 24, 1980) (enacted as L. 1981, c. 266).]
*742 In sum, the 1981 amendments were intended to decrease the influence of a local governing body over the municipal police department by leaving the department's day-to-day operations in the hands of the police chief, who would be accountable to the appropriate authority. Reuter v. Borough Council of Fort Lee, 167 N.J. 38, 45, 768 A.2d 769 (2001) (LaVecchia, J. dissenting); Falcone v. DeFuria, 103 N.J. 219, 222, 510 A.2d 1174 (1986). This legislative purpose is fostered by the ordinance at issue here, as it decreases the influence of the council by placing the authority to appoint and promote police officers in the hands of the mayor. This delegation of power to the mayor is also consistent with the mayor-council plan of government under the Faulkner Act, which reposes in the mayor the executive operations of the municipality. Municipal Council of Newark, supra, 183 N.J. at 366, 873 A.2d 544; see also N.J.S.A. 40:69A-32b (providing that "any administrative or executive functions assigned by general law to the governing body shall be exercised by the mayor, and any legislative and investigative functions assigned by general law to the governing body shall be exercised by the council"). The appointment and promotion of police officers falls within the panoply of executive functions.
N.J.S.A. 40A:14-118 evidences a legislative design for checks and balances and a sharing of power between the executive and legislative branches of a municipality. In re Referendum Petition to Repeal Ordinance 04-75, 388 N.J.Super. 405, 419, 908 A.2d 846 (App.Div.2006), aff'd on other grounds, 192 N.J. 446, 931 A.2d 595 (2007). Construing the Faulkner Act and N.J.S.A. 40A:14-118 to permit the governing body to delegate the authority to appoint and promote police officers to the mayor is consistent with these goals.
Our conclusion is not inconsistent with the New Jersey Supreme Court's decisions in Reuter, supra, 167 N.J. 38, 768 A.2d 769, or Falcone, supra, 103 N.J. 219, 510 A.2d 1174. In Reuter, supra, the Court concluded that the type and number of police positions must be created by ordinance, 167 N.J. at 41, 768 A.2d 769, but the Court did not address whether filling those positions must also be done by ordinance. In Falcone, supra, although the Court concluded that the designation of detectives by the chief of police required the approval of the governing body, 103 N.J. at 224, 510 A.2d 1174, it did not pass upon whether the governing body could, by ordinance, otherwise provide the mayor with the authority to appoint and promote rank and file police officers.
"[T]he courts and the Legislature have long recognized that because police officers are different from other public employees, the scope of discretion accorded to the public entities that administer police departments is necessarily broad." In re Jersey City v. Jersey City Police Officers Benevolent Ass'n, 154 N.J. 555, 572, 713 A.2d 472 (1998). Consequently, "[t]he Legislature has vested municipal authorities with the discretion to determine the powers, duties, functions, and efficient operation of police departments." Ibid. (citing N.J.S.A. 40A:14-118). The decision of the Borough to authorize the mayor, who has already been designated as the appropriate authority, to appoint and promote police officers is a valid exercise of municipal discretion.
In that "ordinances are presumed valid and reasonable[,] [t]he burden of proof to establish that they are arbitrary and unreasonable rests on the parties seeking to overturn them." Quick *743 Chek Food Stores v. Twp. of Springfield, 83 N.J. 438, 447, 416 A.2d 840 (1980). Municipal ordinances carry a presumption of validity. Dome Realty, Inc. v. City of Paterson, 83 N.J. 212, 235, 416 A.2d 334 (1980). Here, plaintiff has not demonstrated that the challenged ordinance is precluded by N.J.S.A. 40A:14-118, or is otherwise arbitrary and unreasonable.
Affirmed.